766 So.2d 389 (2000)
STATE of Florida, Appellant,
v.
Stephen I. HENDERSON, Appellee.
No. 2D98-4010.
District Court of Appeal of Florida, Second District.
August 9, 2000.
Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellant.
Steven Henderson, Fredericksburg, Virginia, Appellee, pro se.
DAVIS, Judge.
The State challenges Stephen I. Henderson's downward departure sentence. In its written order, the trial court provided two reasons for its departure: (1) Henderson entered a legitimate uncoerced plea bargain; and (2) Henderson provided substantial assistance to law enforcement. The State argues that neither reason is *390 supported by the record. We agree. Accordingly, we vacate the sentence and remand to the trial court to conduct a new sentencing hearing.
At the outset, we note that "[a] trial court must impose a guidelines sentence unless the court finds that the evidence supports a valid reason for a departure sentence." State v. Barnes, 753 So.2d 605, 607 (Fla. 2d DCA 2000) (citing Fla. R.Crim. P. 3.701(d)). When a trial court imposes a sentence that departs downward from the sentencing guidelines, that departure must be supported by competent substantial evidence. See Barnes, 753 So.2d at 607 (citing State v. Bostick, 715 So.2d 298, 299 (Fla. 4th DCA 1998)).
At the sentencing hearing on September 29, 1998, the trial court began its hearing by stating that Henderson had entered a negotiated plea. Both the assistant state attorney and Henderson's counsel corrected the trial court's statement and agreed that the plea was "straight up." Additionally, the trial court stated that Henderson had provided substantial assistance to law enforcement. However, the record does not contain any testimony to support this statement. Rather, the record shows that the trial judge advised the parties that he had met privately with the detective investigating the case, and that the detective told him of Henderson's assistance.
Although Henderson may have, in fact, given substantial assistance to law enforcement, the record does not contain testimony demonstrating this to be true. The trial court did not provide Henderson the opportunity to present such testimony, nor was the State given the opportunity to challenge such a contention. The trial judge erred by relying on information a sentencing witness gave to him off the record in a private conversation.
Since neither of the trial court's reasons for the downward departure is supported by the record, we vacate Henderson's sentence and remand this case for a new sentencing hearing.
Reversed and remanded.
FULMER, A.C.J., and NORTHCUTT, J., Concur.