767 So.2d 598 (2000)
STATE of Florida, Appellant,
v.
Robert Steven SCHILLACI, Appellee.
No. 4D99-3920.
District Court of Appeal of Florida, Fourth District.
September 13, 2000.
*599 Robert A. Butterworth, Attorney General, Tallahassee, and Rajeev Saxena, Assistant Attorney General, West Palm Beach, for appellant.
John A. Garcia of John A. Garcia, P.A., West Palm Beach, for appellee.
STEVENSON, J.
The State of Florida has timely appealed a downward departure sentence imposed upon Robert Steven Schillaci, contending that the reason cited for departurethe need for payment of restitution to the victim outweighs the need for a prison sentenceis not supported by the evidence offered at the sentencing hearing. We agree and reverse.
Schillaci entered an open guilty plea to charges in a number of pending cases: robbery with a weapon, aggravated assault on a police officer with a deadly weapon, attempted purchase of cocaine, burglary of a dwelling, grand theft, and possession of burglary tools. At the sentencing hearing, the primary focus was Schillaci's drug addiction. The only witnesses to testify at the hearing were Schillaci, a liaison from a drug farm program, Schillaci's parents, a friend who had met Schillaci in a substance abuse program, and Trooper Ports, the victim of the aggravated assault charge. Despite the focus on Schillaci's drug addiction, the judge and counsel recognized that this was no longer a valid reason for imposition of a downward departure sentence. See § 921.0026(3), Fla. Stat. (1999). The judge, however, expressed his belief that Schillaci was in need of treatment for his drug addiction and imposed a downward departure sentence, stating that "the given reason will be the need for restitution outweighs the need for a state prison sentence."
On appeal, the State contends that a downward departure was error in Schillaci's case because (1) there was no evidence that the victims had any particular need or *600 desire for restitution nor any evidence regarding the amount of restitution and (2) the trial court failed to properly weigh the totality of the circumstances, including aggravating factors, when imposing the downward departure. We find merit in the State's position and reverse.
As the supreme court recently explained, the imposition of a downward departure sentence is a two-part process. First, the trial court must determine "whether it can depart, i.e., whether there is a valid legal ground and adequate factual support for that ground." Banks v. State, 732 So.2d 1065, 1067 (Fla.1999)(emphasis in original). And, second, the trial court must decide "whether it should depart, i.e., whether departure is indeed the best sentencing option for the defendant." Id. at 1068 (emphasis in original). The trial court's decision with respect to the first step will be affirmed on appeal if the reason cited is a valid one and if there is competent substantial evidence to support that reason. With respect to the second step, the trial court is afforded considerable discretion and the judge's call will be overturned only where there has been an abuse of that discretion.

Step 1
Clearly, the reason citedthe need for restitution to the victimis a valid one. See § 921.0026(2)(e), Fla. Stat. And, with respect to this particular reason, the supreme court has expressed that the following considerations are significant:
[I]n weighing the need for restitution versus the need for imprisonment a court must take into consideration all the relevant factors, including on the one hand both the nature of the victim's loss and the efficacy of restitution, and on the other hand the consequences of imprisonment. While the victim's wishes concerning restitution are relevant, they are not dispositiveit is the judge, not the victim, who must weigh society's competing needs.
Banks, 732 So.2d at 1068-69.
Upon review of the record, we find there was no evidence to support application of this ground to the instant case. First, although admittedly not dispositive, defense counsel failed to present any evidence that the victims of Schillaci's crimes had requested restitution or expressed any particular need for restitution. Second, there was no non-hearsay evidence regarding the extent of the loss suffered by the victims. Where there is no evidence of a pressing need for restitution, or that a downward departure is required to ensure that restitution is in fact made, a downward departure sentence based on that reason will be reversed. See State v. White, 755 So.2d 830 (Fla. 5th DCA 2000); State v. Bleckinger, 746 So.2d 553 (Fla. 5th DCA 1999). Thus, the trial court's decision fails step 1 of the Banks two-step process.

Step 2
In addition to challenging the sufficiency of the evidence, the State contends that the judge's imposition of the departure sentence also fails step 2 of the Banks process, which requires the judge to determine not whether he can depart, but whether, after weighing the totality of the circumstances, he should depart. The State argues that on balance, the scant evidence of the victims' need for restitution when compared with the aggressive and violent nature of the crimes does not support a conclusion that a downward departure sentence is appropriate. Because the departure in this case failed step 1, we need not determine whether the trial judge abused his discretion under step 2.
Accordingly, we reverse the sentence on appeal and remand for resentencing without downward departure.
REVERSED and REMANDED.
DELL and GUNTHER, JJ., concur.