805 So.2d 906 (2001)
STATE of Florida, Appellant,
v.
Terrell CHAPMAN, Appellee.
No. 2D01-704.
District Court of Appeal of Florida, Second District.
October 19, 2001.
*907 Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Clark E. Green, Assistant Public Defender, Bartow, for Appellee.
PARKER, Acting Chief Judge.
The State seeks review of the downward departure sentence entered after Terrell Chapman entered a plea to the charge of fourth or subsequent violation of driving while under the influence (DUI).[1] The State asserts that none of the four reasons offered by the court support a downward departure. We agree and reverse.
In sentencing Chapman below the guidelines, the trial court offered four reasons to support the downward departure: (1) capacity to appreciate the criminal nature and substantially impaired conduct; (2) need to support child outweighs the need for prison; (3) no prior arrests since 1994; and (4) no personal injury or property damage as a result of the incident. As to the first reason, the court may not base a downward departure on the defendant's "intoxication at the time of the offense." § 921.0016(5), Fla. Stat. (1999). Thus, the court erred in departing downward based on its finding that Chapman lacked the capacity to appreciate the criminal nature of the offense and that his conduct was substantially impaired. The trial court's second reason for the downward *908 departure, that Chapman's need to support his child outweighs his need for prison, has been rejected by this court as well. See Rafferty v. State, 799 So.2d 243, 248 (Fla. 2d DCA 2001); State v. Bray, 738 So.2d 962, 963 (Fla. 2d DCA 1999).
The fact that Chapman has had no arrests since 1994, the trial court's third reason for departing downward, is not a valid reason for departure because it is considered when scoring the sentencing guidelines. State v. Sachs, 526 So.2d 48, 50 (Fla.1988); State v. Green, 511 So.2d 734, 735 (Fla. 2d DCA 1987). Similarly, the fact that the DUI did not result in any personal injury does not support a downward departure because personal injury is taken into account by the guidelines. See Sachs, 526 So.2d at 50; see also § 921.0024, Fla. Stat. (1999) (showing victim injury as a consideration under the guidelines scoresheet).
The trial court's final reason for departure, that the DUI did not involve property damage, is not a valid reason for departure because a DUI with property damage is a separate crime under section 316.193(3), Florida Statutes (1999). Cf. Atwaters v. State, 519 So.2d 611, 612 (Fla. 1988) (holding that the quantity of drugs involved in an offense does not support a downward departure because the legislature intended the quantity of drugs to be a determining factor in varying penalties), and State v. Lisk, 523 So.2d 1260, 1260 (Fla. 2d DCA 1988) (holding that the trial court may not depart downward based on the quantity of money stolen in a theft case based on the reasoning in Atwaters).
Reversed.
CASANUEVA and STRINGER, JJ., Concur.
NOTES
[1] § 316.193(2)(b), Fla. Stat. (1999).