807 So.2d 122 (2002)
STATE of Florida, Appellant,
v.
Brett W. TYRRELL, Ronald Jones and Randel Simmons, Appellees.
Nos. 5D01-1031, 5D01-1032, 5D01-1033.
District Court of Appeal of Florida, Fifth District.
January 25, 2002.
*123 Robert A. Butterworth, Attorney General, Tallahassee, and Robert E. Bodnar, Jr., Assistant Attorney General, Daytona Beach, for Appellant.
Adam B. Reiss of Reiss, Hillman & Reiss, Orlando, for Appellee, Brett W. Tyrrell.
John I. Merritt of Merritt & Watson, P. A., Eustis, for Appellee, Randel Simmons.
Andrea Black of Andrea Black, P.A., Orlando, for Appellee, Ronald Jones.
ORFINGER, R. B., J.
The State of Florida appeals the downward departure sentences imposed on Brett W. Tyrrell, Ronald Jones, and Randel Simmons after each of them pled nolo contendere to one count of racketeering[1] and two counts of deriving support through prostitution.[2] The trial court determined that downward departure sentences were appropriate because: (1) each Appellee expressed remorse for his crimes; (2) the Appellees substantially assisted law enforcement in effectuating the arrest of co-defendant Stanley Laroe; (3) the need for restitution (or the payment of costs) outweighed the need for imprisonment; and, (4) in Jones's case, his medical condition. The State argues that the departure *124 grounds relied on by the trial court were either legally insufficient or factually unsupported, and therefore, the downward departure sentences are improper. We agree.
Tyrrell, Jones, and Simmons operated "Michelle's Personal Entertainment Services," which provided prostitutes, both male and female, to tourists in the Orlando area. After warrants were issued for their arrest, Appellees fled and were subsequently apprehended in St. Louis, Missouri, operating a similar prostitution service. After returning to Florida, each Appellee entered pleas of nolo contendere to one count of racketeering and two counts of deriving support through prostitution, pursuant to plea negotiations with the State, wherein the State agreed to dismiss the remaining fifty counts of the information and recommend a maximum sentence of sixty months incarceration. The lowest permissible sentence for each Appellee under the Criminal Punishment Code[3] was a state prison sentence of 38 months.[4]
At sentencing, Agent Grant Rose of the Metropolitan Bureau of Investigation testified for the State that Tyrrell was the chief executive officer of the prostitution service, Jones was its vice-president, and Simmons a director. Rose estimated the prostitution service earned between $1,200,000 and $2,100,000 annually. He further testified that Tyrrell and Jones had operated similar businesses in Tampa, Florida and Indianapolis, Indiana, and that all three of them had been involved in the operation in St. Louis. Finally, Rose testified that Appellees had offered nothing in the way of useful information to law enforcement, either prior to or after the entry of their pleas. Rose claimed that the information Appellees provided was either outdated, useless, or already known to law enforcement.[5]
Each Appellee testified at the sentencing hearing and expressed remorse for his criminal activities. Additionally, each claimed credit for convincing Laroe, the fourth defendant, to surrender himself. No mitigating witnesses were called to testify for Tyrrell; however, Tyrrell's attorney argued for a downward departure sentence claiming that Tyrrell was remorseful, had accepted responsibility for his actions, had no prior criminal history, and was willing to assist investigators in their further investigation of related criminal activity. Similarly, Jones's attorney argued for a downward departure sentence asserting that Jones was remorseful, had no prior criminal history, and that the need for restitution to the State for the costs of prosecution and investigation outweighed the need for incarceration. He also argued that Jones's medical condition was a mitigating factor. Finally, Simmons's attorney informed the court that "extensive discussions" had been held with Agent Rose on Simmons's behalf. Like his co-defendants, Simmons's counsel also asserted that Simmons was responsible for Laroe's surrender and that Simmons had no prior criminal history and was remorseful for his actions.
The trial court sentenced each Appellee below the lowest permissible sentence established *125 by the Criminal Punishment Code.[6] The reasons given by the trial judge for the downward departure sentences were remorse, substantial assistance to law enforcement in effectuating the surrender of Laroe, the need for restitution (or the payment of costs) to the State outweighed the need for imprisonment, and in Jones's case, his medical condition. The State objected to the downward departure sentences at the time they were imposed.
At a minimum, the trial court must impose the lowest permissible sentence calculated according to the Criminal Punishment Code unless the court finds that the evidence supports a valid reason for a downward departure. See e.g., § 921.002(1)(f) & (3), Fla. Stat. (1999); State v. Henderson, 766 So.2d 389, 390 (Fla. 2d DCA 2000). The decision to depart from the minimum sentence mandated by the Criminal Punishment Code is a two-part process. Banks v. State, 732 So.2d 1065 (Fla.1999); State v. Schillaci, 767 So.2d 598 (Fla. 4th DCA 2000). First, the trial court must decide whether it can depart by determining whether "there is a valid legal ground and adequate factual support for that ground" in the case pending before it. Banks, 732 So.2d at 1067. That decision will be affirmed on appeal if any reason provided by the trial judge is valid and supported by competent substantial evidence. State v. Clay, 780 So.2d 269, 270 (Fla. 5th DCA 2001). The second step requires the trial court to determine "whether departure is ... the best sentencing option for the defendant.... In making this determination, the court must weigh the totality of the circumstances in the case, including aggravating and mitigating factors." Banks, 732 So.2d at 1068. "This second aspect of the decision to depart is a judgment call within the sound discretion of the court and will be sustained on review absent an abuse of discretion. Discretion is abused only where no reasonable person would agree with the trial court's decision." Id. An appellate court will uphold a departure sentence if any reason given by the trial judge is a valid reason for departure. See § 921.002(3), Fla. Stat. (1999).
Section 921.0026, Florida Statutes (1999), sets out a list of mitigating grounds for sentencing departures. Specifically, section 921.0026 provides, in pertinent part, as follows:
(1) A downward departure from the lowest permissible sentence, as calculated according to the total sentence points pursuant to s. 921.0024, is prohibited unless there are circumstances or factors that reasonably justify the downward departure. Mitigating factors to be considered include, but are not limited to, those listed in subsection (2). The imposition of a sentence below the lowest permissible sentence is subject to appellate review under chapter 924, but the extent of downward departure is not subject to appellate review.
(2) Mitigating circumstances under which a departure from the lowest permissible *126 sentence is reasonably justified include, but are not limited to:
* * *
(d) The defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction or for a physical disability, and the defendant is amenable to treatment.
(e) The need for payment of restitution to the victim outweighs the need for a prison sentence.
* * *
(i) The defendant cooperated with the state to resolve the current offense or any other offense.
(j) The offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.
§ 921.0026, Fla. Stat. (1999). The list of statutory departure reasons is not exclusive, so departures based on reasons not delineated in section 921.0026, which are supported by the record, may be permissible. See State v. Randall, 746 So.2d 550, 552 (Fla. 5th DCA 1999); State v. Turro, 724 So.2d 1216, 1217 (Fla. 3d DCA 1998). We are mindful, however, that under the Criminal Punishment Code, "[t]he primary purpose of sentencing is to punish the offender." § 921.002(1)(b), Fla. Stat. (1999).

REMORSE
Turning now to the grounds utilized by the trial court for departure, we first discuss Appellees' remorse as a basis for departure. While it is true that at sentencing each Appellee expressed remorse for his conduct, section 921.0026(2)(j), Florida Statutes (1999), requires, in addition to remorse, that the crime be committed in an unsophisticated manner, and constitute an isolated incident. State v. Bleckinger, 746 So.2d 553 (Fla. 5th DCA 1999). No evidence was presented regarding these requirements. To the contrary, the record clearly indicates that the crimes were committed in a sophisticated manner and were not isolated incidents. Simply saying "I'm sorry" at sentencing is not enough to satisfy the requirements of section 921.0026(2)(j).

COOPERATION WITH THE STATE
The trial court also found that Appellees cooperated with the State in helping to resolve the offenses with which they had been charged. We find this conclusion unavailing for several reasons. Appellees failed to present any competent substantial evidence that they cooperated with law enforcement. Instead, they presented the unsworn statements of their attorneys, each claiming credit for the surrender of co-defendant Stanley Laroe. Defense counsel's unsworn statements cannot serve as evidence to substantiate a downward departure sentence. See State v. Arvinger, 751 So.2d 74, 76 (Fla. 5th DCA 1999). Although one or more of the Appellees may have persuaded Laroe to surrender, the record does not contain sworn testimony demonstrating such. A defendant has the burden of proving the basis for a departure sentence by a preponderance of the evidence. See State v. Silver, 723 So.2d 381, 383 (Fla. 4th DCA 1998). That was not done here. The trial judge could not determine who, if anyone, persuaded Laroe to surrender. As the trial judge observed, "I don't know who did exactly what, but the fact remains Mr. Laroe was a fugitive until this morning." The record contains no competent substantial evidence that Appellees persuaded Laroe to surrender or otherwise cooperated with the State to resolve the instant offenses or any other offenses.

*127 NEED FOR RESTITUTION
Section 921.0026(2)(e) allows the court to impose a downward departure sentence if the need for restitution to the victim outweighs the need for a prison sentence. Defense counsel argued that the restitution due to the State outweighed the need for a prison sentence. While the trial judge recognized the distinction between restitution and the taxation of the costs of prosecution and investigation, the judge said that because "it was not necessary for the State to go forward at a trial nor for the court to go forward at a trial and, therefore, spend more resources on behalf of the State in prosecuting the case, I am giving each of you some credit for that...." Here, as the trial judge properly noted, there was neither any "restitution"[7] nor any "victim"[8] as those terms are defined by sections 775.089(1)(a) and (c), Florida Statutes (1999). Simply pleading guilty to the crimes committed, thereby saving the State the cost of prosecution, will not support a downward departure sentence. Bleckinger, 746 So.2d at 555-56; State v. Collins, 482 So.2d 388 (Fla. 5th DCA 1985). While the costs of prosecution and investigation of this case were significant and section 938.27, Florida Statutes (1999), required the trial court to tax those costs against Appellees, public policy dictates against this serving as the basis for a downward departure. To do so would reward the defendant who creates a complex criminal enterprise, expensive to investigate and prosecute, while penalizing the defendant who commits a crime that is simple and straightforward to investigate and prosecute. Even if we were to construe the costs of prosecution and investigative costs to be "restitution," there was no evidence that the need for payment of those costs outweighed the need to imprison Appellees. To the contrary, while the State argued for the assessment of those costs as required by section 938.27, it never suggested that the State's need to recoup its costs outweighed the need to imprison Appellees. See State v. Schillaci, 767 So.2d 598, 600 (Fla. 4th DCA 2000); Bleckinger, 746 So.2d at 555.

JONES'S MEDICAL CONDITION
Finally, the trial court considered Jones's medical condition as a basis for downward departure. Jones introduced medical records showing that he had surgery for an aneurysm in 1990. As a result, he suffers from seizures and takes medication on a regular basis. While section 921.0026(1)(d) allows the court to depart downward if a defendant requires specialized treatment for a mental or physical disability, there was no evidence presented showing that Jones required specialized treatment for his condition, or that any *128 treatment he required could not be adequately provided by the Department of Corrections.[9]See State v. Thompson, 754 So.2d 126 (Fla. 5th DCA 2000) (holding that downward departure was improper in the absence of evidence that the defendant required specialized treatment or that any such treatment could not be provided by the Department of Corrections). Accordingly, no competent substantial evidence supports Jones's medical condition as a basis for a downward departure.

CONCLUSION
For the foregoing reasons, we conclude that grounds utilized by the trial judge for the downward departure sentences imposed were either legally insufficient or not supported by competent substantial evidence. Accordingly, we vacate Appellees' sentences and remand these matters to the trial court for resentencing. On resentencing, the sentences imposed shall be equal to, or greater than, the lowest permissible sentences mandated by the Criminal Punishment Code. See State v. White, 755 So.2d 830 (Fla. 5th DCA 2000) (holding that sentence must be vacated and case remanded for resentencing within the guidelines because valid reasons for departure were not established); State v. Arvinger, 751 So.2d 74 (Fla. 5th DCA 1999).
SENTENCES VACATED; REMANDED FOR RESENTENCING.
THOMPSON, C.J. and COBB, J., concur.
NOTES
[1] § 895.03(3), Fla. Stat. (1999).
[2] § 796.05, Fla. Stat. (1999).
[3] § 921.002, et seq., Fla. Stat. (1999).
[4] The record furnished to this court did not contain scoresheets for Appellees. However, the parties agree that the lowest permissible sentence without a departure was 38 months incarceration.
[5] Janis Bolton also testified for the State. Bolton testified that she was employed by the business as an escort/prostitute and that Tyrrell, Jones, and Simmons were her supervisors. She pled guilty in the case and received one year in jail and three years probation.
[6] Simmons had adjudication of guilt withheld and received nine months in the county jail and eight years in the Department of Corrections (DOC), suspended on the condition that he successfully complete eights years of probation. Tyrrell and Jones also had adjudication of guilt withheld and received one year in the county jail and suspended ten year DOC sentences, conditioned on successful completion of ten years of probation. The sentences imposed are true split sentences. State v. Powell, 703 So.2d 444 (Fla.1997). Because the prison sentences were suspended, the sentences fall below the lowest permissible sentence and are treated as downward departure sentences. State v. Clay, 780 So.2d 269, 270 (Fla. 5th DCA 2001).
[7] Section 775.089(1)(a), Florida Statutes, defines restitution as follows:

(1)(a) In addition to any punishment, the court shall order the defendant to make restitution to the victim for:
1. Damage or loss caused directly or indirectly by the defendant's offense; and
2. Damage or loss related to the defendant's criminal episode, unless it finds clear and compelling reasons not to order such restitution. Restitution may be monetary or nonmonetary restitution. The court shall make the payment of restitution a condition of probation in accordance with s. 948.03.
§ 775.089(1)(a), Fla. Stat. (1999).
[8] Section 775.089(1)(c), Florida Statutes, defines "victim" as follows:

(1)(c) The term "victim" as used in this section and in any provision of law relating to restitution means each person who suffers property damage or loss, monetary expense, or physical injury or death as a direct or indirect result of the defendant's offense or criminal episode, and also includes the victim's estate if the victim is deceased, and the victim's next of kin if the victim is deceased as a result of the offense.
§ 775.089(1)(c), Fla. Stat. (1999).
[9] Although the trial court found that Jones's medical condition to be a mitigating factor, we note that Jones was sentenced to a year in the county jail.