821 So.2d 1199 (2002)
STATE of Florida, Appellant/Cross-Appellee,
v.
Stanley J. LAROE, Appellee/Cross-Appellant.
No. 5D01-2698.
District Court of Appeal of Florida, Fifth District.
July 26, 2002.
Robert A. Butterworth, Attorney General, Tallahassee and Robert E. Bodnar, Jr., Assistant Attorney General, Daytona Beach, for Appellant/Cross-Appellee.
James B. Gibson, Public Defender, and Allison Havens, Assistant Public Defender, Daytona Beach for Appellee/Cross-Appellant.
*1200 PALMER, J.
The State appeals a downward departure sentence entered against Stanley Laroe after he pled guilty to one count of racketeering and two counts of deriving support from prostitution. Laroe cross-appeals asserting that the court should have departed further and imposed a sentence equal to that previously imposed upon his co-defendants. Concluding that the issues in this case are controlled by the principles set forth in the decision of this court in the case involving Laroe's co-defendants[1], we reverse.
Laroe was charged with 26 counts involving his participation in a prostitution ring. On February 24, 2000, an arrest warrant was issued but could not be executed because Laroe had left the area. Laroe subsequently turned himself in during the sentencing hearing of his co-defendants and he was arrested at that time.
Laroe entered a guilty plea to three charges and in exchange the State dismissed the remaining 23 counts pending against him. The plea agreement which the State offered Laroe was basically the same as that which had been offered to Laroe's co-defendants, a maximum cap on sentencing of 60 months incarceration. The State said it would be seeking a guidelines sentence with a minimum term of 38.8 months incarceration, which represented the low end of the sentencing guidelines range. Laroe asked to receive a sentence consistent to those imposed on his co-defendants.[2]
At the sentencing hearing, Laroe did not call any witnesses but he stipulated to the transcript of the earlier sentencing hearing of his co-defendants. The State called a representative of the Metropolitan Bureau of Investigation (MBI) to explain Laroe's role in the prostitution service. Laroe was described as being an active participant who served as a "lieutenant in the hierarchy" and a male prostitute. The MBI described Laroe's business as being very sophisticated, with estimated annual earnings in excess of $1 million. The MBI agent testified that Laroe became the sole proprietor when his co-defendants fled. Laroe left Florida after a warrant was issued for his arrest, and he remained a fugitive for approximately one year. Additional testimony was submitted which indicated that after Laroe turned himself in, he met with the MBI and gave them certain information. However, the MBI testified that the information was not helpful to law enforcement because of problems with the data, including its age, and that at that time the case had been virtually concluded. No criminal investigation was initiated based on any information provided by Laroe.
Laroe's counsel asked the trial court to take judicial notice of Laroe's file, including the lack of any discovery, depositions, or pre-trial motions. The court indicated that it would give Laroe credit for turning himself in. It also expressed its opinion that Laroe probably would not have been arrested had he not turned himself into law enforcement, despite the MBI's agent's testimony to the contrary.
In imposing sentence, the trial court departed downward from the recommended guidelines range, sentencing Laroe to twenty-four months imprisonment followed by twelve years of probation. The State objected to the downward departure sentence. *1201 The trial court gave no reason for providing a downward departure other than giving Laroe credit for turning himself in.
The State appeals, arguing that the trial court erred in entering a downward departure sentence since the evidence in the record was inadequate to support the downward departure. We agree.
In State v. Tyrrell, 807 So.2d 122 (Fla. 5th DCA 2002), we reversed the downward departure sentences imposed on Laroe's co-defendants explaining the specific limitations placed on the trial court's authority to so depart:
At a minimum, the trial court must impose the lowest permissible sentence calculated according to the Criminal Punishment Code unless the court finds that the evidence supports a valid reason for a downward departure. See e.g., § 921.002(1)(f) & (3), Fla. Stat. (1999); State v. Henderson, 766 So.2d 389, 390 (Fla. 2d DCA 2000). The decision to depart from the minimum sentence mandated by the Criminal Punishment Code is a two part process. Banks v. State, 732 So.2d 1065 (Fla.1999); State v. Schillaci, 767 So.2d 598 (Fla. 4th DCA 2000). First, the trial court must decide whether it can depart by determining whether "there is a valid legal ground and adequate factual support for that ground" in the case pending before it. Banks, 732 So.2d at 1067. That decision will be affirmed on appeal if any reason provided by the trial judge is valid and supported by competent substantial evidence. State v. Clay, 780 So.2d 269, 270 (Fla. 5th DCA 2001). The second step requires the trial court to determine "whether departure is ... the best sentencing option for the defendant.... In making this determination, the court must weigh the totality of the circumstances in the case, including aggravating and mitigating factors." Banks, 732 So.2d at 1068. "This second aspect of the decision to depart is a judgment call within the sound discretion of the court and will be sustained on review absent an abuse of discretion. Discretion is abused only where no reasonable person would agree with the trial court's decision." Id. An appellate court will uphold a departure sentence if any reason given by the trial judge is a valid reason for departure. See § 921.002(3), Fla. Stat. (1999).
Section 921.0026, Florida Statutes (1999), sets out a list of mitigating grounds for sentencing departures. Specifically, section 921.0026 provides, in pertinent part, as follows:
(1) A downward departure from the lowest permissible sentence, as calculated according to the total sentence points pursuant to s. 921.0024, is prohibited unless there are circumstances or factors that reasonably justify the downward departure. Mitigating factors to be considered include, but are not limited to, those listed in subsection (2). The imposition of a sentence below the lowest permissible sentence is subject to appellate review under chapter 924, but the extent of downward departure is not subject to appellate review.
(2) Mitigating circumstances under which a departure from the lowest permissible sentence is reasonably justified include, but are not limited to:
* * *
(i) The defendant cooperated with the state to resolve the current offense or any other offense.

*1202 * * *
The list of statutory departure reasons is not exclusive, so departures based on reasons not delineated in section 921.0026, which are supported by the record, may be permissible. See State v. Randall, 746 So.2d 550, 552 (Fla. 5th DCA 1999); State v. Turro, 724 So.2d 1216, 1217 (Fla. 3d DCA 1998). We are mindful, however, that under the Criminal Punishment Code, "[t]he primary purpose of sentencing is to punish the offender." § 921.002(1)(b), Fla. Stat. (1999).
Id. at 126.
The trial court concluded that Laroe was entitled to receive a downward departure because he had turned himself in. This reason is not a valid one for departure. As we noted in Tyrrell:
Simply pleading guilty to the crimes committed, thereby saving the State the cost of prosecution, will not support a downward departure sentence. Bleckinger, 746 So.2d at 551-56; State v. Collins, 482 So.2d 388 (Fla. 5th DCA 1985).
Tyrrell, 807 So.2d at 127. Similarly, Laroe is not entitled to receive a downward departure simply for turning himself in to authorities following his year of fugitive status. To hold otherwise would favor those defendants who flee from the jurisdiction and then return voluntarily for prosecution over defendants who properly submitted themselves for prosecution.
Accordingly, we vacate Laroe's sentences and remand to the trial court for resentencing. On resentencing, the sentences imposed shall be equal to, or greater than, the lowest permissible sentences mandated by the criminal punishment code. See State v. White, 755 So.2d 830 (Fla. 5th DCA 2000)(holding that sentence must be vacated and case remanded for resentencing within the guideline because valid reasons for the departure were not established).
Sentences VACATED; case REMANDED for resentencing.
SHARP, W., and ORFINGER, R.B., JJ., concur.
NOTES
[1] State v. Tyrrell, 807 So.2d 122 (Fla. 5th DCA 2002).
[2] Jones and Tyrrell were sentenced to one year in the County Jail; ten years with the DOC, suspended; and ten years probation. Simmons was sentenced to eight years in the DOC, suspended; and eight years of probation following nine months in the County Jail.