973 So.2d 1259 (2008)
STATE of Florida, Appellant,
v.
Malik Garcia STEPHENSON; Appellee.
No. 5D07-921.
District Court of Appeal of Florida, Fifth District.
February 11, 2008.
*1261 Bill McCollum, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellant.
James S. Purdy, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellee.
ORFINGER, J.
The State of Florida appeals the downward departure sentence imposed on Malik G. Stephenson after he pled no contest to aggravated fleeing and eluding in violation of section 316.1935(3); Florida Statutes (2006), and one count of resisting an officer without violence, in violation of section 843.02, Florida Statutes (2006).[1] The trial court determined that a downward departure sentence was appropriate because Mr. Stephenson (1) expressed remorse for his crimes; (2) had several family members dependent upon him for support; and (3) had not reoffended during the fourteen-month period since being released from prison. The State argues that the departure grounds relied on by the trial court were either legally insufficient or, factually unsupported, and consequently, the downward departure sentence was error. We agree and reverse.
On the night of his arrest, Mr. Stephenson was sitting in a parked car when he was approached by a police officer who detected a strong odor of marijuana coming from the car. The officer identified himself, and asked Mr. Stephenson to step out of the car. Mr. Stephenson refused and quickly drove away, almost hitting the police officer in the process. After running several red lights and sideswiping another car, Mr. Stephenson was forced to stop when his front tires began to separate from the rims. He then jumped from the vehicle and fled on foot, only to be captured a short time later. As the police moved in to capture him, Mr. Stephenson stabbed himself in the neck, requiring extensive medical treatment.
After Mr. Stephenson pled no contest to the charges, a sentencing hearing was conducted at which the State sought habitual felony offender sentencing. The court declined to impose an habitual felony offender sentence, finding that although Mr. Stephenson qualified as an habitual offender, an extended sentence was not necessary for the protection of the public.[2] Mr. Stephenson then presented mitigating evidence to the court, hoping for a downward departure sentence. That evidence demonstrated that since his last conviction in 2001 (coincidently for aggravated fleeing and eluding and leaving the scene of an accident with injury), he had not been arrested or charged with any offenses other than those then before the court for sentencing. While true, the State observed that Mr. Stephenson had only been out of prison for fourteen months when the current charges arose. Mr. Stephenson and his family and friends testified that since his release from prison, he had purchased a home, gotten married, had a baby, and maintained a full-time job. Mr. Stephenson was also responsible for supporting his wife, child, step-child and disabled mother.
Over the State's objection, the trial court imposed a downward departure sentence, reasoning:
The court is impressed that Mr. Stephenson has kept his nose clean for the past fourteen months and has demonstrated remorse and is supporting his family, but that doesn't take away from the fact that the offense that he committed put the community in jeopardy.

*1262 Anytime someone runs from a police officer in such a reckless manner, there is any number of bad things that can happen. That's why it's a second degree felony because the State recognizes that it puts innocent people at risk. Unfortunately, we hear all too often about innocent people who are killed in crashes that occur during high speed chases.
So much so that the police have had to undergo some real serious soul searching about who they chase and don't chase and Mr. Stephenson has to pay a price for the very, very poor judgment that he exercised on January 18, 2006.
The court does find that he qualifies as a habitual felony offender and I am going to enter the order finding that he qualifies as a habitual felony offender. I am going to find that he does notit is not necessary to protect the public in this case to sentence him as a HFO.
I'm instead going to downward depart under 921.0026. I believe that the court can consider not only the enumerated mitigating factors, but inherent in the language is anything else that the court deems to be significant.
The fact that Mr. Stephenson has had a child since he committed this offense, the fact that he supports not only his child and his wife but his mother are factors that convince the court that Mr. Stephenson should get a downward departure sentence.
I am going to sentence him to one year in the Seminole County Jail and authorize that he be granted work release so that he can continue working and continue providing for his family followed by three years supervised probation with no early termination.
The trial court adjudicated Mr. Stephenson guilty of the charged offenses, and sentenced him to one year in the county jail followed by three years of probation.[3] As reasons for the departure sentence, the trial court noted on the sentencing score-sheet that Mr. Stephenson was remorseful, was supporting a new baby, and had a disabled, dependent mother. This appeal followed.
At the outset, Mr. Stephenson argues that the State failed to properly preserve the issue for appellate review. We disagree. At the sentencing hearing, the State offered evidence of Mr. Stephenson's significant prior criminal history, the aggravated circumstances of this offense and objected to the court's downward departure. While the State could have been more specific in its objection, an issue is preserved for appeal if the articulated concern is sufficiently specific to inform the court of the perceived error. State v. Paulk, 813 So.2d 152, 154 (Fla. 3d DCA 2002) (citing Williams v. State, 414 So.2d 509 (Fla.1982)). We conclude the State satisfied that standard. State v. Henderson, 766 So.2d 389, 390 (Fla. 2d DCA 2000).
In State v. Tyrrell, 807 So.2d 122, 125 (Fla. 5th DCA 2002), this Court recognized the specific limitations placed on a trial court's authority to depart from the Criminal Punishment Code, explaining:
At a minimum, the trial court must impose the lowest permissible sentence calculated according to the Criminal Punishment Code unless the court finds that the evidence supports a valid reason for a downward departure. See e.g., § 921.002(1)(f) & (3), Fla. Stat. (1999); State v. Henderson, 766 So.2d 389, 390 (Fla. 2d DCA 2000). The decision to depart from the minimum sentence mandated by the Criminal Punishment Code is a two part process. Banks v. State, *1263 732 So.2d 1065 (Fla.1999); State v. Schillaci, 767 So.2d 598 (Fla. 4th DCA 2000). First, the trial court must decide whether it can depart by determining whether "there is a valid legal ground and adequate factual support for that ground" in the case pending before it. Banks, 732 So.2d at 1067. That decision will be affirmed on appeal if any reason provided by the trial judge is valid and supported by competent substantial evidence. State v. Clay, 780 So.2d 269, 270 (Fla. 5th DCA 2001). The second step requires the trial court to determine "whether departure is . . . the best sentencing option for the defendant . . . In making this determination, the court must weigh the totality of the circumstances in the case, including aggravating and mitigating factors." Banks, 732 So.2d at 1068. "This second aspect of the decision to depart is a judgment call within the sound discretion of the court and will be sustained on review absent an abuse of discretion. Discretion is abused only where no reasonable person would agree with the trial court's decision." Id. An appellate court will uphold a departure sentence if any reason given by the trial judge is a valid reason for departure.
Section 921.0026(1) and (2)(j), Florida Statutes (2006), which governs mitigating circumstances justifying a downward departure from the lowest permissible sentence, provides in relevant part:
(1) A downward departure from the lowest permissible sentence, as calculated according to the total sentence points pursuant to s. 921.0024, is prohibited unless there are circumstances or factors that reasonably justify the downward departure. Mitigating factors to be considered include, but are not limited to, those listed in subsection (2). The imposition of a sentence below the lowest permissible sentence is subject to appellate review under chapter 924, but the extent of downward departure is not subject to appellate review.
(2) Mitigating circumstances under which a departure i from the lowest permissible sentence is reasonably justified include, but are not limited to:
. . .
(j) The offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.
However, the list of statutory departure reasons provided in section 921.0026(2) is not exclusive. State v. Randall, 746 So.2d 550, 552 (Fla. 5th DCA 1999). Therefore, the trial court may impose a downward departure for reasons not delineated in section 921.0026, so long as the reason given is supported by competent, substantial evidence and not otherwise prohibited. State v. Laroe, 821 So.2d 1199, 1201 (Fla. 5th DCA 2002); State v. Barnes, 753 So.2d 605, 607 (Fla. 2d DCA 2000). Here, the trial court gave three reasons for downward departure: Mr. Stephenson's remorse, his family support obligations, and the fact that he had "kept his nose clean" since being released from prison in 2004.
The first reason, remorse, is specifically authorized under section 921.0026(2)(j), Florida Statutes. However, section 921.0026(2)(j) requires, in addition to remorse, that the crime be committed in an unsophisticated manner and constitute an isolated incident. State v. Bleckinger, 746 So.2d 553, 554 (Fla. 5th DCA 1999). While it is true that Mr. Stephenson expressed remorse for his conduct, clearly this offense was not an "isolated incident." Mr. Stephenson had a substantial criminal record prior to the current offense. The State submitted evidence of prior felony convictions of grand theft in the third-degree, use of an anti-shoplifting device countermeasure, battery on a law enforcement officer, resisting an officer with violence, *1264 grand theft of a motor vehicle, aggravated fleeing and eluding, leaving a scene of an accident with injury, felony failure to appear, and dealing in stolen property. Mr. Stephenson's sentencing scoresheet also included prior convictions for attempted possession of cocaine, tampering with evidence, possession with intent to sell, aggravated battery with a deadly weapon, petit theft, possession of paraphernalia, battery, and assault, among other things. Based on Mr. Stephenson's extensive criminal record, it cannot be said that the crimes at issue here were isolated incidents. Compare State v. Tice, 898 So.2d 268 (Fla. 5th DCA 2005) (holding that crimes of burglary of dwelling and resisting officer without violence were not isolated incidents when defendant was previously convicted of resisting officer without violence, two violations of probation, aggravated battery with deadly weapon, and fleeing or attempting to elude police officer), and State v. Jordan, 867 So.2d 635 (Fla. 5th DCA 2004) (determining that convictions of burglary of dwelling and theft were not isolated incidents when defendant had ten felony and four misdemeanor prior convictions), with State v. Merritt, 714 So.2d 1153 (Fla. 5th DCA 1998) (concluding that charged crimes were isolated incidents when they were activities defendant had never engaged in before, they took place in a relatively short span of time, and defendant did not have prior criminal history). Further, the record contains no competent, substantial evidence that would support a finding that the charged offense was committed in an unsophisticated and isolated manner. See Tyrrell, 807 So.2d at 126 ("Simply saying `I'm sorry' at sentencing is not enough to satisfy the requirements of section 921.0026(2)(j)."). Therefore, a downward departure under section 921.0026(2)(j) was unjustified.
The trial court also cited family support concerns as a reason for granting Mr. Stephenson a downward departure sentence. "Florida courts have consistently held that family support concerns are not valid reasons for downward departure." See State v. Walker, 923 So.2d 1262, 1265 (Fla. 1st DCA 2006); see also Rafferty v. State, 799 So.2d 243, 248 (Fla. 2d DCA 2001) (determining that "it would not be good policy for the legislature to punish those with families to support less than those without families"). Specifically, the fact that a defendant has an elderly parent in need of support has been held to be an insufficient reason for downward departure. State v. Warren, 629 So.2d 1014, 1015 (Fla. 4th DCA 1993) (concluding that defendant's need to support his elderly mother, among other things, was not sufficient reason for downward departure). Likewise, the courts have held that a defendant's need to support his child is an invalid reason for downward departure. See State v. Chapman, 805 So.2d 906, 907-08 (Fla. 2d DCA 2001) (holding that fact that defendant's need to support his child outweighs his need for prison has been rejected as reason for downward departure); State v. Bray, 738 So.2d 962, 963 (Fla. 2d DCA 1999) (concluding that defendant's custody of and need to support his daughter was not valid basis for downward departure).
Finally, the trial court noted that Mr. Stephenson had "kept his nose clean" for fourteen months since his release from prison in October 2004. We find that reason unpersuasive. The trial court lacks discretion to grant a downward departure sentence based on factors already taken into account by the sentencing guidelines. State v. Sachs, 526 So.2d 48, 50 (Fla.1988) (citing State v. Mischler, 488 So.2d 523, 525 (Fla.1986)). A defendant's prior criminal record, or lack thereof, is one such factor. Id. That a defendant refrains from criminal activity for a short time is an *1265 insufficient reason for a downward departure. See, e.g., Chapman, 805 So.2d at 908 (concluding that fact that defendant had no arrests for several years prior to charged offense is not valid reason for departure); State v. Nathan, 632 So.2d 127, 128 (Fla. 1st DCA 1994) (holding that defendant's refraining from criminal activity for two years after he escaped from prison is invalid reason for downward departure); see also Paulk, 813 So.2d at 154 (holding that defendant's good work in the community is invalid reason for downward departure). But see Bleekinger, 746 So.2d at 556-57 (upholding downward departure when defendant had married, held two jobs, and "gone straight" since being released from prison). Accordingly, Mr. Stephenson's short crime-free period is an insufficient basis to support a downward departure sentence.
For these reasons, we conclude that the grounds utilized by the trial judge for the downward departure sentence were either legally insufficient or not supported by competent, substantial evidence. Accordingly, we vacate Mr. Stephenson's sentence and remand this matter for resentencing. On resentencing, the sentences imposed shall be equal to, or greater than, the lowest permissible sentence mandated by the Criminal Punishment Code. See State v. White, 755 So.2d 830 (Fla. 5th DCA 2000) (holding that sentence must be vacated and case remanded for resentencing within guidelines because valid reasons for departure were not established).
SENTENCES VACATED; REMANDED FOR RE SENTENCING.
MONACO and LAWSON, JJ., concur.
NOTES
[1] The sentence for this offense is not challenged on appeal.
[2] § 775.084(3)(a)(6), Fla. Stat. (2006).
[3] According to Mr. Stephenson's sentencing scoresheet, the lowest permissible sentence was 30.45 months in prison.