993 So.2d 1174 (2008)
STATE of Florida, Appellant,
v.
Larry Donald VOIGHT, Appellee.
No. 5D08-345.
District Court of Appeal of Florida, Fifth District.
November 7, 2008.
*1175 Bill McCollum, Attorney General, Tallahassee, and Carlos A. Ivanor, Jr., Assistant Attorney General, Daytona Beach, for Appellant.
James S. Purdy, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellee.
ORFINGER, J.
Larry Voight, a sex offender, was convicted of failing to report a change of address to the Department of Highway Safety and Motor Vehicles as required by section 943.0435(4), Florida Statutes (2007). His sentencing scoresheet mandated a minimum prison term of 18.3 months. Over the State's objection, the trial court imposed a downward departure sentence of six months in the county jail. As reasons for the downward departure, the trial court found that Voight cooperated with law enforcement, served 160 days in the county jail, no restitution was involved, and the offense was not a violent one. The State now appeals.
This Court has previously recognized the specific parameters placed on a trial court's authority to depart from the Criminal Punishment Code. In State v. Tyrrell, 807 So.2d 122, 125 (Fla. 5th DCA 2002), we explained:
At a minimum, the trial court must impose the lowest permissible sentence calculated according to the Criminal Punishment Code unless the court finds that the evidence supports a valid reason for a downward departure. See e.g., § 921.002(1)(f) & (3), Fla. Stat. (1999); State v. Henderson, 766 So.2d 389, 390 (Fla. 2d DCA 2000). The decision to depart from the minimum sentence mandated by the Criminal Punishment Code is a two part process. Banks v. State, 732 So.2d 1065 (Fla.1999); State v. Schillaci, 767 So.2d 598 (Fla. 4th DCA 2000). First, the trial court must decide whether it can depart by determining whether "there is a valid legal ground and adequate factual support for that ground" in the case pending before it. Banks, 732 So.2d at 1067. That decision will be affirmed on appeal if any reason provided by the trial judge is valid and supported by competent substantial evidence. State v. Clay, 780 So.2d 269, 270 (Fla. 5th DCA 2001). The second step requires the trial court to determine "whether departure is ... the best sentencing option for the defendant.... In making this determination, the court must weigh the totality of the circumstances in the case, including aggravating and mitigating factors." Banks, 732 So.2d at 1068. "This second aspect of the decision to depart is a judgment call within the sound discretion of the court and will be sustained on review absent an abuse of discretion. Discretion is abused only where no reasonable person would agree with the trial court's decision." Id. An appellate court will uphold a departure sentence if any reason given by the trial judge is a valid reason for departure.
See also State v. Stephenson, 973 So.2d 1259, 1262-63 (Fla. 5th DCA 2008).
None of the grounds utilized by the trial court to mitigate the sentence are established by statute. See generally § 921.0026, Fla. Stat. (2007). While the *1176 list of statutory departure reasons provided in the statute is not exclusive, see State v. Randall, 746 So.2d 550, 552 (Fla. 5th DCA 1999), a downward departure for reasons not delineated by statute is only permissible if supported by competent, substantial evidence and not otherwise prohibited. See Tyrrell, 807 So.2d at 125. After a review of the record, we conclude that the grounds utilized by the trial judge for the downward departure sentence were either legally insufficient or not supported by competent, substantial evidence. Accordingly, we vacate the sentence and remand this matter for resentencing.
SENTENCE VACATED; REMANDED.
PALMER, C.J. and SAWAYA, J., concur.