PALMER, J.
The State timely appeals the downward departure sentence imposed by the trial court on appellee, Marcus Oneal Leverett. Concluding that the reasons given by the trial court for imposing a downward departure sentence are not supported by competent, substantial evidence, we reverse.
Leverett and Brandon Harris were tried together with separate juries. The record reflects that Leverett and Harris knocked on an apartment door and then pushed their way inside. Harris had a BB gun. The defendants made all seven occupants of the apartment get on the floor, face down. Harris struck one victim in the face with the gun and then Leverett struck the same victim in the face with his fist. The defendants robbed the victims of a small amount of money and then fled the scene.
The evidence during sentencing showed that Leverett chose the address of the targeted apartment because he thought that he knew the residents and thought there was a safe in the apartment. However, after Leverett and Harris broke in, they realized they had the wrong apartment.
The trial court did not impose a downward departure on Harris; he was sentenced to a term of 121.5 months’ in prison followed by 15 years’ of probation, which was the lowest permissible incarceration under the sentencing guidelines. The trial court indicated that it imposed this sentence because the evidence showed that Leverett was the planner or instigator of the crime, and because Harris did not have a prior criminal record.
As for Leverett, the lowest permissible sentence under the sentencing guidelines was 196.8 months’ imprisonment. The trial court imposed a downward departure sentence of 12 years’ imprisonment, finding that the offense was committed in an *636 unsophisticated manner, was an isolated incident for which Leverett showed remorse; that Leverett was too young to appreciate the consequences of his actions; and, that the sentence was proportional to Harris’ 12-year sentence. At sentencing, the trial court explained:
Okay. The court is going to impose the following sentences with regard to the various counts. This is going to be a downward departure, for a couple of reasons. One of the offenses was committed in an unsophisticated manner and was an isolated incident for which this defendant has shown remorse. At the time of the offense, I believe Leverett was too young to appreciate the consequences of the offense.
Third reason for downward departure is the motion of proportionality of Mr. Leverett and [Harris] were coperpetra-tors in this offense. [Harris] had the firearm — or the weapon, whichever version of the testimony one wants to believe — and utilized that firearm to assault one or more of the victims in this case.
[Harris’] jury, for whatever reason, found [co-defendant] guilty of some lesser offenses and Mr. Leverett’s jury took a second different look at the facts and came back with a different result on some of these counts. But it seems to me that these coperpetrators need to be treated, roughly, the same. And, in fact, given the fact that Harris had the firearm, many people could argue that his sentence should be much more than the sentence imposed on Mr. Leverett, even though there is also that Leverett was the prime mover of this. But for those reasons, the court is going to do a downward departure ...
The State argues that the trial court erred when it departed downward in sentencing Leverett. We agree.
Appellate courts apply a mixed standard of review when analyzing a downward departure sentence. State v. Mann, 866 So.2d 179, 181 (Fla. 5th DCA 2004). First, the appellate court must determine whether the trial court applied the correct rule of law and whether competent, substantial evidence supports the trial court’s reason for imposing a downward departure sentence. Id.; see also State v. Subido, 925 So.2d 1052, 1057 (Fla. 5th DCA 2006). In making this determination, the appellate court must assess the evidence for sufficiency, not weight. Mann, 866 So.2d at 181. Second, if the appellate court determines that the trial court’s reason for departure was in accord with the law and supported by competent, substantial evidence, the applicable court must then decide whether the trial court was correct in determining that the downward departure sentence was in the best interest of the defendant. Subido, 925 So.2d at 1057. The reviewing court should not disturb this determination absent a showing of an abuse of discretion. Id. Accord. State v. Tyrrell, 807 So.2d 122, 125 (Fla. 5th DCA 2002).
Section 921.0026(2) of the Florida Statutes (2007) sets forth a list of mitigating circumstances permitting the imposition of a downward departure from the lowest permissible guidance sentence. State v. Stephenson, 973 So.2d 1259, 1263 (Fla. 5th DCA 2008). However, the trial court can impose a downward departure sentence for reasons not delineated in section 921.0026, as long as the reason given is supported by competent, substantial evidence and not otherwise prohibited. Id.
Here, the trial court gave three reasons for imposing a downward departure sentence: (1) the offense was committed in an unsophisticated manner and was an isolated incident for which Leverett showed remorse; (2) Leverett was 21 years of age at *637 the time of the offense; thus, he was too young to appreciate the consequences of his actions; and, (3) Leverett’s sentence was proportional to the sentence Harris received.
The first two reasons are permissive mitigating factors under section 921.0026(2)(j)-(k) of the Florida Statutes which provides:
921.0026 Mitigating Circumstances.—
* * *
(2) Mitigating circumstances under which a departure from the lowest permissible sentence is reasonably justified include, but are not limited to:
(j) The offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.
(k) At the time of the offense, the defendant was too young to appreciate the consequences of the offense.
§ 921.0026(2), Fla. Stat. (2007).
However, the trial court’s finding that the offense was committed in an unsophisticated manner and was an isolated incident for which Leverett has shown remorse is not supported by competent, substantial evidence. Leverett’s home invasion robbery was sophisticated as evidenced by the fact that he was actively involved in the robbery; he chose the location because he thought that he knew the residents and that the apartment contained a safe; he knocked on the door, asked the victim who opened the door what time it was, then pushed his way into the apartment, pushed one of the victims up against the wall, then struck another victim in the face; he then fled the scene in his vehicle and, after he was stopped by law enforcement, he fled on foot and later struggled with the arresting officer. See State v. Deleon, 867 So.2d 636 (Fla. 5th DCA 2004) (holding that transporting cocaine via bicycle was not unsophisticated); State v. Chestnut, 718 So.2d 312 (Fla. 5th DCA 1998) (holding incident was not unsophisticated when defendant threw an object to break the windshield of a vehicle in order to stop it and assault the driver); State v. Morales, 718 So.2d 272 (Fla. 5th DCA 1998) (holding incident was not unsophisticated when defendant gained entry to home by deceit, at a time when defendant knew the victim would be alone, in order to sexually batter the victim).
Additionally, the home invasion was not an isolated incident because Leverett had a prior record which included a felony conviction for possession of cocaine and misdemeanor convictions for possession of marijuana, possession of drug paraphernalia, and trespass. See State v. Stephenson, 973 So.2d 1259 (Fla. 5th DCA 2008) (holding incident was not isolated when there was a substantial prior criminal record); State v. Deleon, 867 So.2d 636 (Fla. 5th DCA 2004) (holding that offense could not be characterized as isolated when defendant had multiple prior convictions for felonies and misdemeanors).
The second reason that the trial court gave for imposing a downward departure sentence, that Leverett was too young to appreciate the consequences of his actions, also is not supported by competent, substantial evidence. Section 921.0026(2)(k), of the Florida Statutes (2007) requires that the defendant must be unable to appreciate the consequences of the offense in order to be eligible to receive a downward departure sentence. No evidence was presented to show that Lev-erett suffered from a mental defect which inhibited his ability to appreciate the consequences of his offenses. See State v. Salgado, 948 So.2d 12, 16 (Fla. 3d DCA 2006) (holding that no evidence to show *638 that the 21-year-old defendant was unable to appreciate consequences; age and conclusion of immaturity alone are not sufficient).
The third reason that the trial court gave for imposing a downward departure sentence, that Leverett’s sentence was proportional to the sentence Harris received, is inappropriate in this case because each defendant was convicted of committing different offenses and the jury convicted Leverett of committing his offenses with a firearm. Also, Leverett had a prior criminal record, and therefore, his minimum guidelines sentence was higher than Harris’. See Thomas v. State, 461 So.2d 274 (Fla. 5th DCA 1985) (holding that the trial court was not permitted to depart from the sentencing guidelines simply because the co-defendant received a longer sentence; the court explained that if the co-defendant had an extensive criminal history and the defendant did not, it would not be appropriate to give defendant a sentence outside the guidelines simply because it was indicated in the co-defendant’s case).
Accordingly, we reverse Leverett’s sentence and remand for re-sentencing in accordance with the statutory sentencing guidelines.
REVERSED and REMANDED.
MONACO, C.J. and JACOBUS, J„ concur.