*202 KHOUZAM, Judge.
Rodney F. Campbell appeals his convictions for possession of cocaine, possession of cannabis, and possession of drug paraphernalia. The State cross-appeals Campbell’s downward departure sentence for possession of cocaine. We affirm Campbell’s convictions without discussion, but we reverse his downward departure sentence and remand for resentencing.
The lowest permissible sentence for Campbell under the Criminal Punishment Code was 28.05 months in prison. At sentencing, Campbell sought a nonprison sentence because of his son and a sick uncle in hospice. The trial court imposed a downward departure sentence of eighteen months in prison, followed by eighteen months of community control, followed by twelve months of probation. When the State objected to the downward departure sentence, the court replied that “based on the evidence and everything set forth that this will be [ ] equitable for him to have 18 months in State Prison and then [] community control, followed by 12 months probation.” The court did not file any written reasons for the downward departure sentence.
The decision to depart from the minimum sentence mandated by the Criminal Punishment Code is a two-part process. State v. Tyrrell, 807 So.2d 122, 125 (Fla. 5th DCA 2002). First, the trial court must decide whether it can depart by determining if there is a valid legal ground and adequate factual support for that ground. Id. That decision will be affirmed on appeal if the valid legal ground provided by the trial court is supported by competent substantial evidence. Id. Next, the trial court must determine whether departure is the best sentencing option for the defendant. Id. This decision is reviewed under an abuse of discretion standard. Id. “An appellate court will uphold a departure sentence if any reason given by the trial judge is a valid reason for departure.” Id.
We find that the trial court failed to provide a valid legal ground for the downward departure sentence. To the extent that the trial court considered Campbell’s family situation as a reason for downward departure, “Florida courts have consistently held that family support concerns are not valid reasons for downward departure.” State v. Walker, 928 So.2d 1262, 1265 (Fla. 1st DCA 2006). See Rafferty v. State, 799 So.2d 243, 248 (Fla. 2d DCA 2001) (concluding “it would not be good policy for the legislature to punish those with families to support less than those without families”). Therefore, we reverse Campbell’s downward departure sentence and remand for resentencing pursuant to the Code. See Tyrrell, 807 So.2d at 128.
Affirmed in part, reversed in part, and remanded for further proceedings.
VILLANTI, J., Concurs.
ALTENBERND, J., Concurs with opinion.