IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

       Appellant,

v.                                 Case No.  5D14-4346

ALGINAVON TERIANO CLEVELAND,

       Appellee.

_____/

Opinion filed February 26, 2016

Appeal from the Circuit Court
for Citrus County,
Richard A. Howard, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Rock
McGuigan, Assistant Attorney General,
Daytona Beach, for Appellant.

Denise VanNess, of VanNess & VanNess,
P.A., Crystal River, for Appellee.

PER CURIAM.

      The State of Florida appeals the downward departure sentences imposed upon

Alginavon T. Cleveland following his pleas of no contest in two separate cases[1] to the

charges of possession of cannabis with intent to sell, criminal mischief, and battery on a

_____

      [1] Citrus County case numbers 2014-CF-0870 and 2014-CF-1214.

law enforcement officer.[2]  Because the reasons given for the departure sentences are either legally insufficient or not factually supported, we reverse.  See State v. Leverett, 44 So. 3d 634, 637 (Fla. 5th DCA 2010) (finding home invasion was not isolated because defendant had a prior record which included a felony conviction for possession of cocaine and misdemeanor convictions for possession of marijuana, possession of drug paraphernalia, and trespass); State v. Stephenson, 973 So. 2d 1259, 1264 (Fla. 5th DCA 2008) (finding incident not isolated where defendant had substantial criminal record, and noting, additionally, that Florida courts have consistently held that family support concerns are not valid reasons to depart downward); State v. Subido, 925 So. 2d 1052, 1059 (Fla. 5th DCA 2006) (explaining that "[a] downward departure is not justified merely because the defendant cooperated after his offense was discovered"); State v. Munro, 903 So. 2d 381, 382 (Fla. 2d DCA 2005) (rejecting a downward departure sentence for a defendant who confessed to the police, lacked a prior record, and garnered the victim's mother's support); State v. Ertel, 886 So. 2d 423, 425 (Fla. 2d DCA 2004) (determining that "[w]hile cooperation with law enforcement is a valid ground for a downward departure, [defendant's] action here in not requiring the officers to obtain a search warrant to search his home and in giving a statement to officers did not rise to the level of cooperation that is required in order to justify a downward departure sentence"); State v. Bell, 854 So. 2d 686, 691 (Fla. 5th DCA 2003) (explaining that the defendant has the burden to prove that a crime was resolved as a result of his or her cooperation); State v. Arvinger, 751 So. 2d

---

[2] Over the State's objection, the trial court extended an offer of five years' incarceration suspended upon completion of three years' drug offender probation.  At the sentencing hearing, the State declined to waive the minimum guidelines, advising the trial court that Cleveland's lowest permissible sentence was 30.45 months DOC.

2

74, 77 (Fla. 5th DCA 1999) (entering a guilty plea to all charges is not sufficient to constitute cooperation as a mitigating factor); State v. Falocco, 730 So. 2d 765, 765 (Fla. 5th DCA 1999) (holding in order to qualify for a valid departure under section 921.0026(j), Florida Statutes, the defendant must establish all three elements: that the offense was committed in an unsophisticated manner, that it was an isolated incident, and that the defendant has shown remorse).

We note, however, that Cleveland entered his plea based on the trial court's promise to impose a downward departure sentence. Accordingly, on remand, he should be given the opportunity to withdraw his plea and proceed to trial. See State v. Hepburn, 48 So. 3d 1001 (Fla. 5th DCA 2010); State v. Reith, 43 So. 3d 909, 910 (Fla. 2d DCA 2010). If Cleveland does not wish to withdraw his plea, he should be adjudicated guilty and resentenced in conformance with the Criminal Punishment Code. See Jackson v. State, 64 So. 3d 90, 92-93 (Fla. 2011) (explaining that "if a trial court on remand resentences a defendant to a downward departure sentence, the trial court must ensure it comports with the principles and criteria prescribed by the Code.").

SENTENCES VACATED; REVERSED and REMANDED.

TORPY, EVANDER and BERGER, JJ., concur.

.