589 So.2d 317 (1991)
STATE of Florida, Appellant,
v.
David Howard HARRISON, Appellee.
No. 90-1758.
District Court of Appeal of Florida, Fifth District.
September 26, 1991.
Rehearing Denied December 16, 1991.
*318 Robert A. Butterworth, Atty. Gen., Tallahassee, and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and James T. Cook, Asst. Public Defender, Daytona Beach, for appellee.
COWART, Judge.
The trial court, following a probation revocation hearing, found that the defendant violated several conditions of his probation but concluded these violations were technical in nature and elected to continue the defendant on probation. The State appeals arguing that this amounts to a downward departure sentence for which the trial court was required to provide contemporaneous written reasons. We disagree and affirm.
Section 948.06(1), Florida Statutes, relating to violation of probation, in effect provides that when a probationer is brought before the court on the accusation that he violated probation, and the probationer admits the charge of violation to be true, the court may revoke, modify or continue the probation. If the violation of probation charge is not admitted, the court has the discretion to hold or release the probationer with or without bond to await further hearing, or it may dismiss the charge of probation violation. Even after a hearing on the violation of probation charge, the court may revoke, modify or continue the probation. In effect, this means that the trial court, having once placed the defendant on probation, has almost unlimited authority to dismiss a violation of probation charge, or to continue or restore the defendant to probation (or reinstate the probation), whether or not the probationer is guilty of violating probation.
In this case, after the violation of probation hearing, the defendant's probation was revoked but thereafter the trial court reinstated the probation on its original terms. The statute gives the trial court the authority to do this and that statutory authority is substance, and does not depend upon procedural technicalities and is not controlled by the sentencing guidelines (§ 921.001, Fla. Stat., and Florida Rule of Criminal Procedure 3.701). Furthermore, the order revoking probation was interlocutory and the trial court retains inherent authority to change such interlocutory determinations at any time before an appeal is taken or a final judgment is entered on the matter. A probationer before the court on a charge of probation violation is not necessarily "before the court for sentencing" within the meaning of that language in the sentencing guidelines rule, although if the probation is finally revoked, the defendant then comes "before the court for sentencing" and the guidelines may apply. The trial court's statutory discretion under section 948.06(1) is such that after stating that probation was revoked, the trial court could reinstate probation without it constituting a departure sentence under the guidelines requiring contemporaneous written reasons.
Affirmed.
W. SHARP, J., concurs.
HARRIS, J., dissents with opinion.
HARRIS, Judge, dissenting.
I respectfully dissent. These are the facts.
Harrison pled to two counts of attempted lewd and lascivious assault on a child. This case concerns his second violation of probation. An affidavit of VOP was filed *319 alleging four violations by appellant: (1) leaving county without consent; (2) failure to pay court costs; (3) failure to successfully complete MDSO program; and (4) failure to complete community service. Following a VOP hearing, Harrison was found to be in violation and his probation revoked. A presentence investigation was ordered and sentencing was scheduled. A different judge handled the sentencing.
Harrison's recommended guidelines range was 9-12 years, 12-17 years with the one cell bump for VOP. The new sentencing judge found that the violations were all of a technical nature and reinstated his probation on the original terms. Oral reasons for departure were given at the hearing but written reason were not prepared until 11 days later.
The majority correctly cite section 948.06(1) as giving the court the authority, after an admission of violation, to "revoke, modify or continue" probation, and, after a finding that a violation has occurred, to "revoke, modify or continue" the probation. These options, however, are in the alternative. And the court, in this case, revoked probation. Once probation is revoked then section 948.06(1) provides (whether there is a plea or finding of guilt):
If probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, unless he has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer on probation....
I construe this language to mean that although the court has the discretion to refuse to revoke probation and instead to continue the original probationary term in effect, if it revokes probation  while it may again impose probation if appropriate under the guidelines or based on proper reasons (even on the same terms and conditions), it may not simply reinstate the original probation. The statute requires a new sentence and a new sentence requires guideline consideration.
Rule 3.701, subd. d, par. 14, Rules of Criminal Procedure, provides:
Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. The sentence imposed after revocation of probation or community control may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure. [Emphasis added.]
The majority also holds that the departure sentence is justified because the court retains the inherent authority to change its interlocutory order revoking probation. Whether or not the judge had such authority,[1] the record is clear that he did not exercise it.[2] He considered this a new sentence subject to the guideline and gave oral reasons for departure with subsequent written reasons. What we have here is a record sentencing after revocation that does not comply with the statute or rule.
Even though I yearn for the day of sentencing judges' discretion, regretfully, I dissent.
NOTES
[1] Since whether or not Harrison's probation should be revoked was an exercise of the earlier judge's discretionary authority, the subsequent judge's authority to reverse such ruling is doubtful. Lawyers Co-operative Pub. Co. v. Williams, 149 Fla. 390, 5 So.2d 871 (1942). Further, even if the successor judge has the authority to override a previous judge's ruling, there is a code of restraint based on the law of the case as well as consideration of comity and courtesy [Tingle v. Dade County Board of County Commissioners, 245 So.2d 76 (Fla. 1971)] and the exercise of this authority should not be presumed by an appellate court in the absence of clear record intent.
[2] For example, the judge refers to "the sentence I have just imposed to probation;" he adjudicated the defendant guilty as statutorily required after revocation and he attempted compliance with the guideline requirements.