854 So.2d 686 (2003)
STATE of Florida, Appellant,
v.
Dreama Adea BELL, Appellee.
No. 5D02-3593.
District Court of Appeal of Florida, Fifth District.
July 18, 2003.
Rehearing Denied September 15, 2003.
*688 Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellee.
PLEUS, J.
The state appeals Dreama Bell's downward departure sentence and argues that the lower court's reasons for departing are not supported by substantial competent evidence. We agree. Accordingly, we reverse and remand for imposition of a guidelines sentence.
Bell was arrested for driving the getaway car after her co-defendant robbed two people in a parking lot. She was charged with principal to robbery with a deadly weapon and driving on a suspended license. Pursuant to a plea agreement with the state, Bell agreed to testify against her co-defendant. In exchange, the state allowed Bell to plead to the reduced charges of accessory after the fact and no valid *689 driver's license, for which she was sentenced to one year community control followed by three years probation.
Bell met with her community control officer, who informed her she was not allowed to drive with a restricted license without an adult accompanying her. Bell agreed. Two days later, the officer observed Bell driving alone. The officer violated Bell's community control for failing to follow instructions and for committing the new offense of violation of driver's license restrictions. Bell pled guilty to the violation without having any plea agreement. Despite a guidelines score of 15.3 months incarceration, the lower court revoked Bell's community control and sentenced her to 120 days in jail, followed by new periods of community control and probation. The court noted four reasons for downwardly departing: a legitimate, uncoerced plea; limited capacity to understand the seriousness of her offense; previous cooperation with the state, and an isolated and unsophisticated act.
The state argues that the lower court's action constituted a downward departure sentence without substantial competent evidence to support its reasons for departure. Bell does not address this argument at all. Instead, she argues that the lower court's action was not a downward departure sentence or any other type of sentence. She characterizes the lower court's action as a "modification and reinstatement" of the original sentence. Thus, Bell contends that the state lacks authority to appeal the lower court's modification of community control. We disagree.
Florida Rule of Appellate Procedure 9.140(b)(1)(D) permits a defendant to appeal "orders revoking or modifying probation or community control." While there is no corresponding provision for state appeals, Rule 9.140(c)(1)(K) allows the state to appeal orders "imposing a sentence outside the range permitted by the sentencing guidelines." Section 948.06(1), Florida Statutes (2002), states, in pertinent part:
The court, upon the probationer or offender being brought before it, shall advise him or her of such charge of violation and, if such charge is admitted to be true, may forthwith revoke, modify, or continue the probation or community control or place the probationer into a community control program. If probation or community control is revoked, the court shall ... impose any sentence which it might have originally imposed before placing the probationer on probation or the offender into community control....
(Emphasis added).
Case law applying these provisions has produced two lines of cases. One line of cases clearly allows the state to appeal a downward departure sentence imposed after revocation of probation or community control. See, e.g., State v. Hurley, 772 So.2d 594 (Fla. 1st DCA 2000); State v. Knopp, 765 So.2d 164 (Fla. 2d DCA 2000); State v. Woodson, 745 So.2d 570 (Fla. 5th DCA 1999); State v. Jordan, 678 So.2d 526 (Fla. 5th DCA 1996); State v. Krueger, 664 So.2d 26 (Fla. 3d DCA 1995). In all of the above cited cases, appellate courts reversed downward departure sentences imposed after revocation of probation or community control because there was insufficient evidence to support the reasons for departure.
Another line of cases holds that the state lacks authority to appeal modifications of probation or community control. See, e.g., State v. Heddon, 840 So.2d 439 (Fla. 5th DCA 2003); State v. Gray, 721 So.2d 370 (Fla. 4th DCA 1998); State v. Blackman, 488 So.2d 644 (Fla. 2d DCA 1986).
*690 From these two lines of cases, a consistent general rule emerges: upon a violation of probation or community control, the court has authority to "revoke, modify or continue" the probation or community control. If the court chooses to revoke probation or community control, it must then impose a sentence, which the state can appeal if the sentence falls below the sentencing guidelines. However, if the court chooses to modify or continue the original probation or community control, it may do so and the state cannot appeal such action.
Bell cites State v. Harrison, 589 So.2d 317 (Fla. 5th DCA 1991) for the proposition that the state lacks authority to appeal even when the lower court revokes probation. However, Harrison is distinguishable from the instant case. In Harrison, the lower court stated it was revoking probation but then elected to "continue" or "reinstate the probation on its original terms." In the instant case, the lower court revoked community control and then imposed 120 days incarceration to be followed by new periods of one year community control and 3 years probation. Thus, under the reasoning of the majority in Harrison, the instant case would constitute a "final revocation" rather than a modification or continuation of the original sentence. In short, the court in the instant case imposed a new sentence. By downwardly departing from the sentencing guidelines, the state had authority to appeal under section 924.07(1)(i), Florida Statutes[1] and Florida Rule of Appellate Procedure 9.140(c)(1)(K).
It is well established that downward departure sentences will be affirmed if the reasons given for the departure are permissible and are supported by substantial competent evidence. State v. Tyrrell, 807 So.2d 122, 125 (Fla. 5th DCA 2002). This standard also applies to downward departure sentences imposed after revocation of probation or community control. Hurley; Knopp; Woodson; Jordan; Krueger. The burden is on the defendant to prove a basis for departure by a preponderance of evidence. Tyrrell.
The lower court gave four reasons for downwardly departing. The state contends that none of these reasons was supported by substantial competent evidence. Each reason is discussed below.
Legitimate, Uncoerced Plea Bargain
The state correctly argues that a "plea bargain" contemplates an agreement between the state and the defendant. See State v. Sawyer, 753 So.2d 737, 738 (Fla. 2d DCA 2000); State v. McCarthy, 502 So.2d 955 (Fla. 2d DCA 1987). Because Bell pled guilty to the violation of community control without any agreement from the state, this reason is not supported by substantial competent evidence. Sawyer, McCarthy.

Capacity of Defendant to Appreciate Criminal Nature of Conduct or Conform Conduct to Requirements of Law was Substantially Impaired
The trial court found that Bell had "limited capacity to understand the seriousness of what she did, driving that automobile. I think maybe she might understand now. I hope so." However, the state correctly argues that there was no evidence presented to support this conclusion. On the contrary, Bell's criminal record included two prior convictions for driving on a suspended license. Her current offenses included driving without a valid driver's license, reduced from driving on a *691 suspended license. Additionally, her community control officer testified that two days before the violation, she discussed Bell's driving restrictions with her, told Bell not to drive and Bell agreed not to drive. Just two days later, the community control officer saw Bell driving. In short, the evidence indicated that Bell was aware that driving without a valid license or in violation of license restrictions was a criminal offense and that such restrictions were a condition of her community control. The lower court erred in making this finding without substantial competent evidence to support it. See State v. Shorter, 814 So.2d 1117, 1118 (Fla. 4th DCA 2002).

Defendant Cooperated with State to Resolve Current Offense or Any Other Offense
The lower court stated, "She's previously cooperated with the State, that fact can't be changed, on the original charge." The state conceded below and on appeal that Bell entered into a plea agreement on the original charges in which she agreed to testify against her co-defendant in exchange for the state reducing her charges from principal to robbery with a deadly weapon and driving on a suspended license to accessory after the fact and no valid driver's license. As the prosecutor explained below, "the net result of that was Ms. Bell went from three or four or five years in prison on the score sheet down to a situation where she got the sentence that she got, which was community control followed by three years probation...."
However, this statement is insufficient to support a downward departure for two reasons. First, the state notes there was no evidence adduced to support a finding that any crime had been resolved as a result of Bell's cooperation. See State v. Quintanal, 791 So.2d 23, 24 (Fla. 3d DCA 2001). It is not known whether Bell actually testified against the co-defendant or whether the co-defendant was convicted. The burden was on Bell to prove this and she failed to meet that burden.
Second, the state argues persuasively that Bell already received a benefit from her prior cooperation. Her charges were reduced and she was saved from going to prison. Thus, her prior cooperation should not serve to mitigate a new offense.

Offense Committed in Unsophisticated Manner and was an Isolated Incident for which Defendant has shown Remorse
The lower court found that "... the act that she was violated for was unsophisticated.... And I hope it was an isolated series of events or event." In order to be sufficient to support a downward departure, the defendant must prove three elements: (1) the offense was committed in an unsophisticated manner; (2) it was an isolated incident; and (3) the defendant has shown remorse. Tyrrell, 807 So.2d at 126. The state correctly argues that there was no evidence presented to support any of these elements. There was no evidence that Bell was remorseful and the lower court made no oral finding of remorse. It did check off a box on the score sheet but that finding was not supported by any evidence. Also, the evidence demonstrated that this violation was not an isolated incident. Bell had two prior convictions for driving on a suspended license. The offense for which she was on community control involved driving a getaway car with a suspended or no valid driver's license. And Bell was caught driving just two days after being instructed not to drive and agreeing not to drive. Based on this history, the community control officer opined that "I don't think if she was reinstated that she would make it, I think in a week we'd be back in the same situation again."
The state also argues that Bell's act of driving a car was not unsophisticated as that word was defined in State v. *692 Fleming, 751 So.2d 620 (Fla. 4th DCA 1999). In that case, the court noted that "unsophisticated" is regarded as the opposite of sophisticated, which it defined as "having acquired worldly knowledge or refinement; lacking natural simplicity or naivete," quoting from the American Heritage Dictionary of the English Language (1981). The state argues that Bell's act of driving was not naive or without knowledge because she was instructed and agreed not to drive just two days prior to being caught driving. However, under this court's standard of review, and keeping in mind the rule that criminal statutes are to be liberally construed in favor of defendants, we cannot say that the lower court's finding that the act of driving was unsophisticated is not supported by sufficient competent evidence. Nevertheless, all three elements must be proven, not just one. State v. Falocco, 730 So.2d 765 (Fla. 5th DCA 1999). Bell failed to prove all three elements.
Because none of the reasons for downwardly departing were supported by substantial competent evidence, we reverse and remand for imposition of a guidelines sentence. See State v. Norris, 724 So.2d 630 (Fla. 5th DCA 1998) (remanding for imposition of guidelines sentence instead of allowing defendant to withdraw plea because defendant entered open plea to the court with no plea agreement from the state). Like the defendant in Norris, Bell entered an open plea to the court without a plea agreement and was fully informed by the court that she could face prison time under the guidelines.
REVERSED AND REMANDED.
SHARP, W., and PETERSON, JJ., concur.
NOTES
[1] That subsection allows the state to appeal "a sentence imposed below the lowest permissible sentence established by the Criminal Punishment Code under Chapter 921."