KLEIN, J.
The state appeals a sentence, contending that it was below the minimum permissible sentence with no reason given for a departure. We reverse.
After appellant entered an open plea to one count of possession of cocaine with intent to sell or deliver, the trial court sentenced her to 13.8 months in prison, which was the lowest permissible sentence under the scoresheet. The court then vacated the sentence because appellant requested time to find someone to care for her child and advised appellant that it would impose the same sentence if she turned herself in two weeks later.
When appellant timely appeared to be sentenced, the state informed the court that the scoresheet was incorrect, as it omitted another charge, and under the corrected scoresheet the minimum permissible sentence was 17.7 months. The trial court felt bound to impose the 13.8 month sentence, and did so without stating a reason for departure under section 921.0024(2), Florida Statutes (2001).
Appellee argues that we should affirm because this was, in essence, a departure based on a valid plea bargain. As we noted earlier, however, this was an open plea. See State v. Bell, 854 So.2d 686 (Fla. 5th DCA 2003) (guilty plea made without an agreement with the state does not constitute a valid departure reason). AL though the error may be a ground on which appellee can have her plea vacated, she was not eligible for the lower sentence, where the mistake was discovered before she was sentenced, unless there is a basis for departure. We therefore reverse for imposition of a sentence reflecting the corrected scoresheet.
STEVENSON, J., concurs.
POLEN, J., concurs specially with opinion.