PER CURIAM.
Paul Fabian moved to vacate his plea which disposed of violation of probation charges and resulted in a statutory-maximum fifteen-year sentence. He argues that trial counsel was ineffective for failing to point out to the trial court that it could impose the violation of probation related sentence concurrent with an existing Orange County sentence. See State v. Bell, 854 So.2d 686 (Fla. 5th DCA 2003), rev. denied, 866 So.2d 1212 (Fla.2004). Our review of the record provided reveals that the trial court was of the view that it lacked authority to do so.
Fabian entered into the plea nonetheless, as he was under the impression, which went uncorrected, that the Orange County sentence provided for concurrent sentencing. We find Fabian’s claim legally sufficient and remand for either the attachment of portions of the record conclusively refuting the claim or for an eviden-tiary hearing. See Grosvenor v. State, 874 So.2d 1176 (Fla.), cert. denied, 543 U.S. 1000, 125 S.Ct. 627, 160 L.Ed.2d 458 (2004); Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).
GUNTHER, HAZOURI and MAY, JJ., concur.