996 So.2d 263 (2008)
STATE of Florida, Appellant,
v.
Levi KERN, Appellee.
No. 2D07-2352.
District Court of Appeal of Florida, Second District.
December 24, 2008.
Bill McCollum, Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellant.
Scott Timothy Smith of Law Offices of Harp & Smith, Brooksville, for Appellee.
ALTENBERND, Judge.
The State appeals an "order of dismissal" entered in a probation revocation proceeding. The probation was originally imposed in a juvenile delinquency case for two misdemeanor offenses. The circuit court entered the order now on appeal to dispose of a pending charge of violation of probation when it learned that the probationer, Levi Kern, was now serving ten years in prison on unrelated charges. We find no abuse of discretion in the circuit court's decision to dismiss the charge of violation of probation and to discharge Mr. Kern from his probation. See § 948.06(2)(d), Fla. Stat. (2006); State v. Harrison, 589 So.2d 317, 318 (Fla. 5th DCA 1991) (discussing trial court's "almost unlimited authority" in addressing violations of probation).
We remand, however, for entry of a corrected order. The written order entered by the circuit court appears to be a form order appropriate for judgments of acquittal pursuant to Florida Rule of Criminal Procedure 3.380 and judgments of not guilty pursuant to Florida Rule of Criminal Procedure 3.690. This order is inappropriate here because it suggests the dismissal involves the underlying convictions rather than the charge of violation of probation. On remand the circuit court must enter a corrected order specifically dismissing the charge of violation of probation and discharging Mr. Kern from his probation.
CASANUEVA and SILBERMAN, JJ., Concur.