HARRIS, C.M., Senior Judge.
The vehicle of Appellee, Cedric Dewayne Lee, was stopped for illegal tint. It turned out that his license had been revoked for 60 months as a habitual traffic violator. Lee entered an open plea to felony driving while license suspended with a guideline minimum sentence of 19.5 months in the Department of Corrections.
The trial judge mitigated the sentence and imposed a sentence of 19.5 months incarceration but suspended it upon Lee’s completion of 24 months’ probation. The court’s departure reasons were that Lee was cooperative and remorseful. The State appeals the sentence claiming it lacks record support.
If Lee cooperated at all, it was after his traffic stop. See State v. Subido, 925 So.2d 1052 (Fla. 5th DCA 2006); State v. Bell, 854 So.2d 686 (Fla. 5th DCA 2003). Lee did admit, after a request to provide his driver’s license, that his license was suspended and “possibly habitual.” His scoresheet revealed, in addition to one first-degree felony, two second-degree felonies, five third-degree felonies, and several misdemeanors, including four for driving while license suspended. Lee’s cooperation was minimal at best and he failed to establish this basis for departure.
There was no finding by the trial judge that the offense was unsophisticated or, after four previous arrests for substantially the same offense, that it was an isolated *1218 incident. Further, there was no evidence in the sentencing record to justify a finding of remorse.
REVERSED and REMANDED for RESENTENCING.
SAWAYA and TORPY, JJ., concur.