SWANSON, J.
The state appeals the trial court’s decision to impose a downward departure sentence after appellee entered an unconditional nolo contendere plea to child abuse and possession of a controlled substance. We agree with the state that the trial court’s reason for departure was not supported by competent substantial evidence. Accordingly, we reverse and remand for resentencing.
The trial court imposed a downward departure sentence pursuant to section 921.0026(2)(j), Florida Statutes (2012), upon finding the offenses were committed in an unsophisticated manner and were isolated incidents for which appellee had shown remorse. Under the plain language of section 921.0026(2) (j), all three elements — lack of sophistication, isolated incident, and remorse — must be established to permit a departure sentence. State v. Geoghagan, 27 So.3d 111, 114 (Fla. 1st DCA 2009); State v. Jerry, 19 So.3d 1167, 1170 (Fla. 1st DCA 2009). The state argued below that a downward departure was not warranted because appellee’s offenses were not isolated and appellee had not shown sufficient remorse. We agree there was insufficient evidence to support the trial court’s finding that appellee’s current offenses were isolated incidents.
Appellee’s criminal history included a prior felony conviction for manslaughter, for which appellee was returned to prison after violating his probation; a prior felony conviction for possession of a controlled substance; and two prior misdemeanor convictions, one of which was for resisting an officer without violence. In light of this prior record, appellee failed to show that his current offenses of child abuse and possession of a controlled substance (the latter committed while appellee was on pretrial release for the former) were isolated incidents. See State v. Leverett, 44 So.3d 634, 637 (Fla. 5th DCA 2010) (holding that home invasion robbery was not an isolated incident where defendant had a prior record that included a felony conviction for possession of cocaine and misdemeanor convictions for possession of marijuana, possession of drug paraphernalia, and trespass); State v. Tice, 898 So.2d 268, 269 (Fla. 5th DCA 2005) (holding that defendant’s latest felonies of burglary of a dwelling and resisting an officer without violence were not isolated incidents where defendant was previously convicted of resisting an officer without violence, two violations of probation, aggravated battery with a deadly weapon, and fleeing or attempting to elude a police officer).
Although the trial court noted a significant temporal break between appellee’s current offenses and his prior convictions, this was due to the fact appellee served considerable time in prison on his prior manslaughter conviction. We conclude ap-pellee’s criminal record was significant enough to preclude a downward departure sentence under section 921.0026(2)(j). Accordingly, we reverse appellee’s sentence and remand for resentencing. See Jackson v. State, 64 So.3d 90 (Fla.2011).
REVERSED and REMANDED for re-sentencing.
WETHERELL and OSTERHAUS, JJ., concur.