COHEN, J.
The State appeals the trial court’s imposition of a downward departure sentence for Mendy Rae Henderson, arguing that the trial court erred in finding that Henderson’s fourth DUI offense was an isolated incident. This is the second time that the legality of Henderson’s sentence has come before this Court. Once again, we reverse.
In 2012, Henderson entered an open plea to driving under the influence (her fourth DUI), resisting an officer with violence, and driving while her license was suspended or revoked. Originally, the trial court departed from the sentencing guidelines on the basis that Henderson was in need of rehabilitation for substance abuse, and that she was needed at home to be “financially, physically, mentally and emotionally supportive of her minor son,” who himself was at risk due to his mother’s addiction.[1] On appeal, this Court reversed and remanded for resentencing, finding that the nonstatutory mitigators used by the trial court “failed to comport with legislative sentencing policies as interpreted by Florida courts.” State v. Henderson, 108 So.3d 1137, 1141 (Fla. 5th DCA 2013).
At resentencing, Henderson again argued for a downward departure, this time based upon section 921.0026(j), Florida Statutes. That section provides for a downward departure when “[t]he offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.” § 921.0026(j), Fla. Stat. (2013). Henderson argued that her offense was isolated because it was her first felony DUI. The trial court agreed, finding that Henderson was remorseful, that the offense was unsophisticated, and that it was an isolated incident. The trial court reasoned: “Henderson has never before had a felony DUI, so that meets the legal test. And ... it had been some ten months or more before she had had a previous DUI.” The trial court then re-imposed the identical sentence that was originally imposed.
Florida’s sentencing scheme requires the trial court to impose a sentence that comports with the guidelines unless a *51 valid basis for departure is established. See § 921.0026, Fla. Stat. Section 921.0026(j) cannot, and should not, be read to mean that as long as the defendant has never committed the exact offense for which he or she is currently being sentenced, the offense can be considered isolated regardless of the defendant’s criminal history. For example, a person being sentenced for sexual assault who has numerous prior robbery convictions cannot be eligible for a downward departure simply because he has never previously been convicted of a sexual assault.
In this case, Henderson had three prior DUI convictions. The second, third, and fourth DUIs were committed within a two-year period. The fourth DUI occurred just ten months after the third DUI, while Henderson was still on probation. The fact that she was able to avoid being arrested for ten months does not render her last DUI isolated. See State v. Stephenson, 973 So.2d 1259, 1263-64 (Fla. 5th DCA 2008) (holding that incident was not isolated where defendant had a “substantial criminal record prior to the current offense”); State v. Bell, 854 So.2d 686, 691 (Fla. 5th DCA 2003) (noting that multiple driving while license suspended convictions prove that crime was not isolated).
Additionally, as to the resisting arrest with violence charge, the record does not support the trial court’s finding that Henderson was remorseful. As the trial court acknowledged, Henderson denied resisting the officer with violence at the sentencing hearing. See State v. Ayers, 901 So.2d 942, 945 (Fla. 2d DCA 2005) (holding that the record did not support element of remorse where defendant continued to deny responsibility for the offense); State v. Chestnut, 718 So.2d 312, 313 (Fla. 5th DCA 1998) (“We are certain that [the defendant’s] denial of doing ‘what [he] was accused of is not the kind of remorse contemplated by the legislature.”).
In sum, the trial court erred in granting Henderson a downward departure. Accordingly, we are compelled to reverse with instructions to the trial court to impose a sentence within the statutory guidelines.
REVERSED and REMANDED for imposition of a guideline sentence.
SAWAYA and WALLIS, JJ., concur.

. Henderson's son was ten years old at the time of the first sentencing hearing.