ORFINGER, J.
The State appeals the trial court’s downward departure sentence, which it argues is improper because the departure ground is factually unsupported. We agree and reverse for resentencing. .
Ryan David Burt, a twenty-nine-year-old supervisor at a packaging company, worked for two days without eating or sleeping. Instead of going home to sleep, *1118 he went golfing and drank beer, and then, drank more beer at dinner while watching a football game. Realizing that he was “fatigued,” he decided to drive to a friend’s house to spend the night. Unfortunately, along the way, he caused a head-on collision with an oncoming vehicle, seriously injuring at least one of the two occupants.
Burt entered open no contest pleas to DUI causing serious bodily injury and careless operation of a motor vehicle without a license causing serious bodily injury. Under the Criminal Punishment Code, his lowest permissible. sentence was thirty-nine months in prison. However, the court sentenced Burt to two years of drug offender probation followed by three years of standard probation with various special conditions. The court explained that it was departing downward pursuant to section 921.0026(2)(j), Florida Statutes (2014), because the offenses were committed in an unsophisticated manner and were isolated incidents for which Burt had shown remorse.
A downward departure sentence will be affirmed if the reason given for the departure is permissible and is supported by substantial, competent evidence. State v. Bell, 854 So.2d 686, 690 (Fla. 5th DCA 2003). The decision to depart from the minimum sentence mandated by sentencing guidelines is a two-part process. First, the trial court must decide whether it can depart by determining whether “there is a valid legal ground and adequate factual support for that ground” in the case pending before it. Banks v. State, 732 So.2d 1065, 1067 (Fla.1999). The second step requires the trial court to determine “whether departure is ... the best sentencing option for the defendant,... In making this determination ... the court must weigh the totality of the circumstances in the case, including aggravating and mitigating factors.” Id. at 1068. The burden is on the defendant to prove a basis for a downward departure sentence by a preponderance of the evidence. State v. Subido, 925 So.2d 1052, 1057 (Fla. 5th DCA 2006).
Under the plain language of section 921.0026(2)(j), all three elements — lack of sophistication, isolated incident, and remorse — must be established to permit a departure sentence. State v. Geoghagan, 27 So.3d 111, 114 (Fla. 1st DCA 2009); State v. Jerry, 19 So.3d 1167, 1170 (Fla. 1st DCA 2009). Here, the State argues that a downward departure was not warranted because Burt’s offenses were not isolated. Burt’s prior record consists of two alcohol — related driving offenses — a DUI conviction in 2006 and a reckless driving conviction in 2007. Burt was also convicted of driving without a valid driver’s license in 2012. In light of this record, there was insufficient evidence to support the trial court’s finding that Burt’s current offenses were isolated incidents. See State v. Jones, 122 So.3d 517 (Fla. 1st DCA 2013). Although the State did not dispute that Burt committed the offenses in an unsophisticated manner and was remorseful, we agree that both the nature and timing of Burt’s prior offenses preclude the finding that the current offenses were isolated, as required by section 921.0026(2)(j). Accordingly, we reverse Burt’s sentence and remand for resentencing. See Jackson v. State, 64 So.3d 90 (Fla.2011).
REVERSED and REMANDED for re-sentencing.
TORPY and WALLIS, JJ., concur.