IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

       Appellant,

v.                                                                Case No.  5D14-4664

RAYMUNDO CENTENO, JR.,

       Appellee.

_____/

Opinion filed June 3, 2016

Appeal from the Circuit Court
for Orange County,
Michael Murphy, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Rock
McGuigan, Assistant Attorney General,
Daytona Beach, for Appellant.

James S. Purdy, Public Defender, and
Allison A. Havens, Assistant Public
Defender, Daytona Beach, for Appellee.


BERGER, J.

      The State of Florida timely appeals the trial court's decision to impose a downward

departure sentence on Raymundo Centeno, Jr., after Centeno entered a plea of no

contest to burglary of a dwelling and petit theft.  The State argues that the sole reason

given for the departure was unsupported by substantial, competent evidence. We agree and reverse.

Centeno was charged with burglary of a dwelling and petit theft after he entered the victim's garage and stole a yard trimmer. He entered an open plea on both charges and was sentenced immediately thereafter. Based on his scoresheet, the lowest permissible sentence Centeno could receive under the Criminal Punishment Code was twenty-four months in the Department of Corrections. However, despite his score, the trial court imposed a downward departure sentence of two years community control with drug offender special conditions because "[t]he offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse." § 921.0026(2)(j), Fla. Stat. (2013)

"A downward departure sentence will be affirmed if the reason given for the departure is permissible and is supported by substantial, competent evidence." State v. Burt, 183 So. 3d 1117, 1118 (Fla. 5th DCA 2015) (citing State v. Bell, 854 So. 2d 686, 690 (Fla. 5th DCA 2003)). Three elements must be shown in order to establish the existence of the mitigating circumstance listed in section 921.0026(2)(j). Id. First, the offense must have been "committed in an unsophisticated manner." Second, the offense must have been "an isolated incident." And, third, the defendant must have "shown remorse" for the offense. All three elements must be established to justify a downward departure on this basis. See id. (citing State v. Geoghagan, 27 So. 3d 111, 114 (Fla. 1st DCA 2009); State v. Jerry 19 So. 3d 1167, 1170 (Fla. 1st DCA 2009)); State v. Thompkins, 113 So. 3d 95, 98 (Fla. 5th DCA 2013) (citing State v. Brannum, 876 So. 2d 724 (Fla. 5th DCA 2004)); State v. Ayers, 901 So. 2d 942, 945 (Fla. 2d DCA 2005) (citing State v.

Cooper, 889 So. 2d 119, 119 (Fla. 4th DCA 2004)). We conclude that none of the elements have been established in this case and begin our analysis with the most obvious.

Centeno's criminal history spans nearly a decade and consists of three prior felonies and seven prior misdemeanors. His prior felony record includes possession of cocaine, attempted tampering with physical evidence, and driving while license suspended (enhanced).[1] His misdemeanor record consists of two possession of drug paraphernalia offenses, three driving while license suspended convictions, resisting an officer without violence, and petit theft. Notably, like the present case, Centeno's prior theft was the result of him stealing a tool from a store. With this record, we cannot conclude that Centeno's current offenses are isolated incidents. See State v. Jones, 122 So. 3d 517, 518 (Fla. 5th DCA 2013) (explaining that prior record consisting of two felonies and two misdemeanors precluded Appellant from showing current offenses were isolated incidents); Thompkins, 113 So. 3d at 99 (finding significant criminal history, including a prior conviction for the same crime, indicated crimes were not isolated incidents within the meaning of section 921.0026(2)(j)); State v. Leverett, 44 So. 3d 634, 637 (Fla. 5th DCA 2010) (determining crime not isolated where defendant had one prior felony conviction and three misdemeanor convictions); see also Ayers, 901 So. 2d at 945 (concluding "[t]he fact that a defendant who has previously committed numerous offenses has not in the past committed the same crime as the offense for which he is being sentenced does not mean that the current offense is 'an isolated incident'").

---

[1] The felony driving offense occurred while Centeno was on pretrial release for the current offense. He was convicted prior to entering his plea in this case.

Additionally, the record does not support a finding that the crime was committed in an unsophisticated manner or that Centeno was remorseful. The record reflects that Centeno walked into an open garage and picked up a lawn edger and blower. When he was confronted by the homeowner, Centeno told him a friend had given him permission to use the equipment. The homeowner told Centeno to leave and never come back. After Centeno left in a waiting vehicle, the homeowner discovered his yard trimmer was missing. At sentencing, Centeno acknowledged that he was out looking for lawn equipment and expensive tools because they are worth more money when pawned.

Centeno asserts that the act of walking into an open garage and taking something off a shelf is unsophisticated because it is merely a crime of opportunity. While this may very well be the case in some instances, it is not so here. Centeno admitted seeking items that would garner more money when pawned, and he has a prior conviction for a similar act. Furthermore, the record supports the conclusion that Centeno entered the victim's garage not once, but twice; the first time to steal the trimmer. These additional facts belie the conclusion that the crimes were committed in an unsophisticated manner.

Moreover, although Centeno entered a plea, he refused to admit he took the victim's yard trimmer.[2] Under these circumstances, the act of entering a plea and saying "I'm sorry" is not enough to establish remorse. See State v. Henderson 152 So. 3d 39, 51 (Fla. 5th DCA 2014) (finding defendant failed to show remorse where he pled guilty but then denied committing the crime at sentencing); Ayers, 901 So. 2d at 945 (holding that the record did not support element of remorse where defendant continued to deny

---

[2] Centeno acknowledged that his girlfriend admitted to police that they took the trimmer and discarded it. Nevertheless, he maintained that he did not take the victim's trimmer, but rather a different trimmer from a different house.

4

responsibility for the offense); <u>State v. Chestnut</u>, 718 So. 2d 312, 313 (Fla. 5th DCA 1998) (concluding "[w]e are certain that [the defendant's] denial of doing 'what [he] was accused of' is not the kind of remorse contemplated by the legislature.").

Based on the foregoing, we conclude the trial court's reason for imposing a downward departure sentence was not supported by substantial, competent evidence. Accordingly, we reverse Centeno's sentence and remand for resentencing.

REVERSED and REMANDED.

TORPY and LAMBERT, JJ., concur.