IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

        Appellant,

 v.                                                          Case No.  5D17-3117

BARON CANARD ROGERS,

        Appellee.

_____/

Opinion filed June 29, 2018

Appeal from the Circuit Court
for Brevard County,
Nancy Maloney, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kaylee D. Tatman,
Assistant Attorney General, Daytona
Beach, for Appellant.

James S. Purdy, Public Defender, and
Darnelle Paige Lawshe, Assistant Public
Defender, Daytona Beach, for Appellee.

PALMER, J.

The State of Florida appeals the downward departure sentences imposed on

Baron Canard Rogers (the defendant). We reverse.

The State charged the defendant with dealing in stolen property and giving false

verification of ownership when conducting a transaction with a pawnbroker. He pled guilty

to the charges.  The trial court initially sentenced the defendant to two terms of seven

years of imprisonment; however, during a subsequent hearing, the trial court re-sentenced the defendant, imposing downward departure sentences.

The State contends that the trial court reversibly erred in imposing downward departure sentences, asserting that the reasons for imposing the sentences are either not legally valid or not supported by substantial competent evidence. We agree.

A downward departure sentence will be affirmed on appeal if the reason given by the trial court for departing is permissible and supported by substantial competent evidence. State v. Centeno, 192 So. 3d 705, 706 (Fla. 5th DCA 2016)(citing State v. Burt, 183 So. 3d 1117, 1118 (Fla. 5th DCA 2015)).

Here, the trial court announced its reasons for departure as follows:

> All right, for the reasons that were just articulated I'm going to downward depart, and that is the undiagnosed mental illness that your mother testified to that you had had since you were a child. The fact that it was a non—violent felony involving property, that there was no injury or opportunity for injury to other persons.
> . . . .
> Okay. I'm going to find that it was -- the isolated incident that the Defendant has expressed remorse here in the courtroom in that all he did was hurt his family by his stupidity. I'm going to find that there's no redeeming value in sending you to prison and the cost to our society is too great.
> . . . .
> [T]he other point, that the need for the payment of restitution to the victim outweighs a need for a prison sentence.

None of these reasons justify the imposition of the downward departure sentences.

As for the trial court's statutory reasons for departure, the trial court erred in concluding that departure sentences were warranted based on the fact that the defendant's crimes were isolated incidents for which he showed remorse. Section 921.0026(2)(j) of the Florida Statutes (2017) authorizes the imposition of a departure

2

sentence when the "offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse." Importantly, all three elements must be articulated by the trial court to justify departure on this ground. State v. Milici, 219 So. 3d 117, 121–22 (Fla. 5th DCA 2017); State v. Lindsay, 163 So. 3d 721, 724 (Fla. 5th DCA 2015). Here, the trial court failed to articulate that the defendant committed his crimes in an unsophisticated manner; therefore, this reason for departure is invalid.

Next, the trial court erred in imposing the downward departure sentences based on the fact that the need for the payment of restitution to the victim outweighed the need for a prison sentence. See § 921.0026(2)(e), Fla. Stat. (2017). In order to satisfy the terms of the statute, "the defendant must present some evidence of the victim's need." State v. Wheeler, 180 So. 3d 1117, 1119 (Fla. 5th DCA 2015). In this case, the defendant failed to present any evidence regarding the loss sustained by the victim; therefore, this ground for departure is not supported by the evidence.

The trial court's finding that departure was warranted based on the defendant's undiagnosed mental illness is also invalid. Section 921.0026(2)(d) of the Florida Statutes (2017) authorizes the imposition of a departure sentence when a defendant "requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction or for a physical disability, and the defendant is amenable to treatment." Here, the defendant did not present evidence on any of these elements. See Lee v. State, 223 So. 3d 342, 359 (Fla. 1st DCA 2017).

Furthermore, the trial court's non-statutory reasons also fail to support departure.

> When the court bases a departure on a non-statutory factor,
> the factor must be permissible and supported by competent,

3

> substantial evidence. State v. Bowman, 123 So. 3d 107, 109 (Fla. 1st DCA 2013). To be permissible, the non-statutory mitigator must be consistent with legislative sentencing policies. Id. "The mitigating factors specifically listed by the legislature focus on the nature of the crime, the conduct of the defendant or the mental capacity, condition, or attitude of the defendant. Further, the first purpose of sentencing is to punish, not rehabilitate. Finally, the legislative sentencing policy is to ensure that violent criminals are incarcerated." State v. Chestnut, 718 So. 2d 312, 313 (Fla. 5th DCA 1998).

Lee, 223 So. 3d at 359–60.

The trial court concluded that departure was permissible because, during the commission of the defendant's crimes, there was no injury or opportunity for injury to other persons. This conclusion does not support the imposition of the downward departure sentences because personal injury was already taken into account during sentencing by virtue of the computations performed in preparing the defendant's Criminal Punishment Code worksheet. See State v. Chapman, 805 So. 2d 906, 908 (Fla. 2d DCA 2001) (citing to section 921.0024, Florida Statutes, which provides that victim injury is a consideration when calculating scoresheets).

The trial court further erred in departing downward based on the fact that the defendant's crimes were non-violent felonies involving property. The defendant argued below that this departure reason was proper based on the language of section 921.185 of the Florida Statutes (2017). That statute reads:

> **921.185. Sentence; restitution a mitigation in certain crimes**
>
> In the imposition of a sentence for any felony or misdemeanor involving property, but not injury or opportunity for injury to persons, the court, in its discretion, shall consider any degree of restitution a mitigation of the severity of an otherwise appropriate sentence.

4

Section 921.185 does not justify the downward departure sentences in this case because the trial court did not impose a sentence which used restitution to mitigate the severity of the defendant's "otherwise appropriate sentence." Instead, the court merely entered an order directing the defendant to pay $463.77 in restitution. Cf. Noel v. State, 127 So. 3d 769, 770 (Fla. 4th DCA 2013), rev. on other grounds, 191 So. 3d 370 (Fla. 2016) (upholding sentencing judge's decision to mitigate the length of a guidelines sentence provided the defendant made payment of restitution to the victims).

Lastly, the trial court erred in concluding that departure was warranted because there was no redeeming value in sending the defendant to prison. We held this reason to be invalid in State v. Thompkins:

> We are left with the last non-statutory ground—that there is no redeeming value to sending Thompkins to prison. This too is an invalid ground. "In evaluating a non-statutory mitigator, a court must determine whether the asserted reason for a downward departure is consistent with legislative sentencing policies." State v. Knox, 990 So. 2d 665, 669 (Fla. 5th DCA 2008) (citations omitted); see also Chestnut. The stated policy of the Criminal Punishment Code is to punish miscreants for their crimes. § 921.002(1)(b), Fla. Stat. (2011) ("The primary purpose of sentencing is to punish the offender."); Moore v. State, 882 So. 2d 977, 985 (Fla. 2004) ("The Legislature expressed that the primary purpose of sentencing is to be punishment." (citation omitted)); State v. McKnight, 35 So. 3d 995, 997 (Fla. 5th DCA 2010); Chestnut, 718 So. 2d at 313 ("Further, the first purpose of sentencing is to punish, not rehabilitate."). Whether there is any redeeming value to the criminal in sending him to prison is largely of secondary concern. See § 921.002(1)(b), Fla. Stat. (2011); State v. Hall, 47 So. 3d 361, 364 n. 5 (Fla. 2d DCA 2010) ("Rehabilitation is a secondary goal, and it is a stated policy that a defendant's sentence should increase with the length and nature of the defendant's prior record." (citing § 921.002(1)(b), (d))); Chestnut, 718 So.2d at 314 ("It is obvious that prison will always be detrimental to one's future even if it is essential to his appropriate punishment. But the consequence of no prison for violent criminals seems a far worse societal problem.").

113 So. 3d 95,100 (Fla. 5th DCA 2013).

Because the trial court failed to set forth valid reasons for departure, the defendant's departure sentences are reversed and this matter is remanded for re-sentencing. On remand, the trial court may still impose downward departure sentences provided that they are supported by valid reasons. Otherwise, the trial court must impose sentences that comport with applicable statutes. See State v. Lindsay, 163 So. 3d 721, 725 (Fla. 5th DCA 2015).

REVERSED and REMANDED.

EVANDER and EISNAUGLE, JJ., concur.