DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**ALEX ANTHONY GUERRA,**
Appellee.

No. 4D20-1932

[October 27, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mariya Weekes, Judge; L.T. Case No. 19-10389CF10A.

Ashley Moody, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Elijah Giuliano, Assistant Public Defender, West Palm Beach, for appellee.

LEVINE, J.

The defendant pled nolo contendere to two counts of aggravated assault with a deadly weapon and one count of battery. The trial court granted defendant's motion for downward departure based on section 921.0026(2)(j), Florida Statutes (2019), over the state's objection. The state appeals, claiming there was not competent substantial evidence to establish the elements required to justify a downward departure. We agree. As a result, we reverse and remand for resentencing.

The defendant was arrested due to two incidents involving the victim who was his girlfriend at the time. The girlfriend told the police that in mid-July 2019, while the defendant and the victim were driving, the defendant pulled out a semi-automatic firearm and placed it to the victim's head. The defendant told the victim that he "should get rid of the problem" and told the victim that he should just kill her.

The second incident, according to the victim, took place on July 31, 2019. The defendant pulled the same firearm at the victim and told her not to move. The defendant said that he would "take her to a bridge and

dump her body and nobody would know . . . ." The victim also told the police of two other incidents where the defendant hit the victim in the face. In mid-August 2019, the defendant "backhanded" the victim to her nose and eye.

The defendant filed a motion for downward departure pursuant to section 921.0026(2) arguing two grounds: (1) the victim was the initiator, willing participant, aggressor, or provoker of the incident pursuant to section 921.0026(2)(f), and (2) the defendant's conduct was an isolated incident, it was committed in an unsophisticated manner, and the defendant had shown remorse pursuant to section 921.0026(2)(j). The trial court ultimately granted downward departure based only on section 921.0026(2)(j).

During the sentencing hearing, two witnesses were called to testify as to the defendant's character, aspirations, and accomplishments, but neither could testify as to the charged incidents. The victim, however, testified that the defendant was both verbally and physically abusive, as well as controlling over her, during their short-lived relationship.

The defendant testified on his own behalf as to his good character. The defendant denied the victim's version of events, stating that the case was "based on hearsay, she say (sic). I'm not willing to sacrifice my freedom of a great mind that will never get put to use. It's hard for me that I suffered in jail for nine months." He also stated, "For someone just to say and run to the police station and say that I hit her and pulled my firearm and risked my freedom, that's incredible."

When asked if he experienced any regret regarding what he did to the victim, the defendant stated, "I regret a lot of things. The most thing I regret is wasting our time." The defendant then stated that this case "cost me nine months in jail. It cost me attorney fees. It's probably going to cost me my freedom."

The defendant also continued to actively maintain his innocence. The defendant said to the court, "If I was committed or if I knew that I was guilty, Your Honor, I would say I did it." When asked to address the victim, the defendant said, "If she wants an apology from me, I would say more that [sic] greatly that I'm sorry with no shame at all. I'm sorry for all the things that we argued about. I'm sorry for letting you down, basically. But she let me down, too."

After the hearing, the trial court granted the defendant's motion for downward departure, finding that "it is the sentence of the Court with

2

regard to the motion for downward departure, I do find that the Court can depart based upon the fact that this was an isolated incident done in an unsophisticated manner for which the defendant has shown remorse." The trial court imposed, over the state's objection, two years of community control followed by three years of probation. The state appeals the trial court's downward departure.

We review a downward departure with a two-step process. *State v. Simmons*, 80 So. 3d 1089, 1092 (Fla. 4th DCA 2012). In the first step, "the appellate court must determine whether the trial court applied the correct rule of law, and whether competent, substantial evidence supports the trial court's reason for imposing a downward departure sentence." *Id.* In the second step, the appellate court then decides whether the trial court abused its discretion in granting a downward departure motion. *Id.*

Section 921.0026(2)(j) allows for a downward departure only when "[t]he offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse." This court must reverse if it finds that any of the three elements are unsupported by competent substantial evidence. *Bellamy v. State*, 199 So. 3d 480, 482 (Fla. 4th DCA 2016).

In our analysis of the first step of the two-step process, we find that the trial court erred in determining there was competent substantial evidence of the defendant's remorse. Since we find that there was insufficient evidence of remorse, and all three elements must be established, we need not determine if there was competent substantial evidence of the other two elements: isolated incident and unsophisticated manner. Based on this determination, we also need not reach the second step of the two-step process.

Remorse is defined as "[a] strong feeling of sincere regret and sadness over one's having behaved badly or done harm; intense, anguished self-reproach and compunction of conscience, esp. for a crime one has committed." Black's Law Dictionary (11th ed. 2019); *accord State v. Lindsay*, 163 So. 3d 721, 725 (Fla. 5th DCA 2015); *see also State v. Milici*, 219 So. 3d 117, 122 (Fla. 5th DCA 2017) (stating that accepting responsibility for a defendant's actions is a requisite to a finding of remorse).

During the sentencing hearing, the defendant actively maintained his innocence and refused to accept responsibility for the crime. The defendant said to the court, "If I was committed or if I knew that I was guilty, Your Honor, I would say I did it." Not only did he refuse to accept

responsibility for the crime, but he even insinuated that the victim fabricated the incidents: "For someone just to say and run to the police station and say that I hit her and pulled my firearm and risked my freedom, that's incredible." It goes without saying that "[i]t is impossible for a defendant who refuses to accept responsibility for an offense to show remorse for that offense." *State v. Ayers*, 901 So. 2d 942, 945 (Fla. 2d DCA 2005); *see also State v. Henderson*, 152 So. 3d 49, 51 (Fla. 5th DCA 2014) (finding that denying a crime at the sentencing hearing is inconsistent with a finding of remorse).

The defendant relies on one statement where he said he was sorry to the victim, but this statement was surrounded by words of blame: "If she wants an apology from me, I would say more that [sic] greatly that I'm sorry with no shame at all. . . . I'm sorry for letting you down, basically. *But she let me down, too.*" (emphasis added). Even in a light most favorable to the defendant, his half-hearted expression of being sorry for letting the victim down was more akin to sympathy than true remorse. "The fact that [the defendant] is sorry that [the victim] was injured . . . is sympathy and not remorse." *State v. Chestnut*, 718 So. 2d 312, 313 (Fla. 5th DCA 1998) (expressing concern for the victim is not enough for a finding of remorse when the defendant does not accept responsibility for his actions). Once again, it should be clear that blaming someone else for your own conduct does not demonstrate remorse for your own actions.

When given an opportunity to express any "regret" about what the defendant did to the victim in this case, the defendant merely talked about himself when stating that he regretted "a lot of things." Instead of recognizing the victim's sufferings, he reiterated his own problems: "I'm not willing to sacrifice my freedom of a great mind that will never get put to use. It's hard for me that I suffered in jail for nine months." He did not express concern for the victim and her injuries, but rather expressed more concern over what the case cost him—namely money and his freedom: "It cost me nine months in jail. It cost me attorney fees. It's probably going to cost me my freedom."

Finally, the defendant cannot rely, as he attempts to in this case, on taking a plea as proof of remorse since "the act of entering a plea and saying 'I'm sorry' is not enough to establish remorse." *State v. Centeno*, 192 So. 3d 705, 707 (Fla. 5th DCA 2016). The defendant cannot merely rely on his change of plea to demonstrate remorse.

In *Staffney v. State*, 826 So. 2d 509, 513 (Fla. 4th DCA 2002), this court found no competent substantial evidence supporting the trial court's finding of remorse where the defendant "never claimed responsibility for

4

his criminal behavior," "maintained his innocence," and "apologized for what had happened to the victim but continued to deny that he was responsible for his actions." Similarly, in the present case, the defendant never clearly or forthrightly accepted responsibility for his own actions.

Thus, we find there was not competent substantial evidence to support a finding of remorse by the defendant. Since all three elements must be demonstrated for the trial court to grant a downward departure, the absence of lack of remorse by the defendant mandates that this case be reversed and remanded for a resentencing.

*Reversed and remanded for resentencing.*

KLINGENSMITH and KUNTZ, JJ., concur.

\*  \*  \*

***Not final until disposition of timely filed motion for rehearing.***